THE PEOPLE *ex rel.* Abraham H. Graff

*v.*

THE INSTITUTION OF PROTESTANT DEACONESSES.

1. STATUTE—*whether subject embraced in title.* The purpose of the constitutional provision that no private or local law should embrace more than one subject, and that that should be expressed in the title, was, that such an act should not only embrace but one subject, but that the title of the act should afford some information of the subject of it.

2. If a private act, entitled "An act to incorporate the Institution of Protestant Deaconesses, and to provide for the encouragement and control of an hospital in Chicago," should grant the power to establish and maintain an orphan house, insane asylum, or a school, in other parts of

the State, outside of Chicago, it would be liable to the constitutional objection, that it embraced more than one subject, and that not expressed in the title.

3. CORPORATION—*construction of charter.* A corporation was created by a private act of the legislature of this State, on the 7th of March, 1867, entitled "An act to incorporate the Institution of Protestant Deaconesses, and to provide for the encouragement and control of an hospital in Chicago." The whole body of the act relates exclusively to an hospital therein named, situated in Chicago, except the second and third sections, which in general terms authorize the corporation to establish, regulate and control any hospital, orphan house, insane asylum or school necessary and proper for carrying out the general object of the act, without any reference to the place or places at which this may be done: *Held,* that the corporation is, by this charter, restricted, as to place, to Chicago, and can not establish and maintain schools, hospitals or asylums in any part of the State outside of Chicago.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. WM. THOMAS, and Messrs. DUMMER & BROWN, for the appellant.

Messrs. MORRISON & WHITLOCK, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On the 7th of March, 1867, an act was passed by the General Assembly of this State, entitled "An act to incorporate the Institution of Protestant Deaconesses, and to provide for the management and control of an hospital in Chicago." Private Laws 1867, Vol. 2, p. 81. The question, which is presented by demurrer to pleas setting up the charter, is, whether the institution has the right, under said charter, to exercise the privileges and franchises granted by it, in the county of Morgan, in this State, and to establish and maintain an orphan asylum in the city of Jacksonville, in said county.

The substance of the more material provisions of the charter bearing upon the question, is as follows:

"Section 2. That the objects of this association shall be, the relief of the sick and insane, the care of orphans, the

education of youth, and the exercise of mercy to the unfortunate and destitute; and that the property of the said association, occupied for these purposes, and the income used in their support, shall be exempted from taxation, nor shall the grounds of said association be subject or liable to have any public road, street, lane or alley laid out or opened therein, so long as they shall be used and employed for the charitable purposes aforesaid."

The 3d section provides for a board of managers for the management of the association, giving them power to establish and manage any hospital, orphan house, insane asylum or school, necessary and proper for carrying out the general objects of the act, and erect necessary buildings for the reception and proper care of the patients, orphans and pupils.

The 6th section recites: "And whereas, the Rev. W. A. Passervant, by the aid of sundry charitable persons, has established a hospital in the city of Chicago, Illinois, known at present as the 'Deaconess Hospital,' (but which may be changed, and said hospital designated as the board of visitors hereinafter named shall determine,) in order that the suffering and the sick may be cared for and relieved in a becoming Christian manner, without distinction of creed, country or color, and has placed the same under the immediate supervision and control of the aforementioned 'Institution of Protestant Deaconesses.' The said Rev. W. A. Passervant is hereby authorized and empowered to assign, convey and transfer to the aforesaid corporation, all property, real, personal and mixed, which is now or may hereafter be held by him in trust for the purposes of said hospital, subject to the same trusts and conditions upon which he may hold the same;" and the same authority and power are given to any other person or persons so holding, or who may so hold any property.

By the 7th section, a board of visitors to the said hospital is appointed and their duties prescribed.

The 8th section provides for annual reports to the board of visitors.

The 9th section declares the terms and conditions on which persons may become patrons, and have the right to nominate and send patients to the institution.

The 10th section provides that "the funds and property of said hospital shall never be removed from Chicago."

Section 11 provides that the property and effects of said hospital, in the event of said Board of Protestant Deaconesses becoming extinct, or failing to take charge of said hospital, shall become the property of the board of visitors, in trust for the purposes of the act.

Section 12 provides against discrimination in the reception and care of patients.

Section 13 declares that, " In the event of a failure at any time on the part of said Institution of Protestant Deaconesses to provide for the care of the sick in said hospital, said board of visitors may make proper provision for such care."

The recitals in the sixth section show the circumstances under which this law was enacted. A hospital had been already established in Chicago by individual contributions, and property and funds had been already given. This hospital, its property and funds, were to be placed under the control of this new corporation, and the property and funds of the hospital were never to be removed from Chicago. The management of this hospital in Chicago by the corporation created, was the main object of the act. The sixth and all the remaining sections of the act—the whole number of the sections of the act being thirteen—relate exclusively to this hospital. It is only the second and third sections that contemplate any other object, and that in the most general manner. Full effect can be given to every grant of power in the charter, without requiring the corporation to go out of Chicago. There is no authority or permission given to go elsewhere. The constitution of the State, at the time the act was passed, provided that "no private or local law, which may be passed by the General Assembly, shall embrace more than one subject, and that shall be expressed in the title." Should the

act be held to grant the power to establish and maintain an orphan house, an insane asylum, or a school for the education of youth, in Jacksonville, or in any other place in the State, outside of Chicago, it would seem to be liable to the constitutional objection, that it embraces more than one subject, and that not expressed in the title. The purpose of the constitutional provision was, that such a private or local act should not only embrace but one subject, but that the title of the act should afford some information of the subject of it. The information which would naturally be conveyed by the title of this act would be, that the subject was one local to Chicago, and that the operation of the enactment would be confined within the corporate limits of that city. There might have been a willingness, so far as respected Chicago, to grant to this corporation the exemption from taxation. and the extraordinary privilege of holding its property not subject to the right in the public of condemnation for roads or streets, as given by the second section, when the idea would not have been entertained for a moment to extend such exemption and such privilege into all the 102 counties in the State, in which this corporation might choose to establish a charitable institution.

If the construction which the appellee would put upon this charter, that it empowers the corporation to establish and maintain orphan houses, insane asylums, and schools for the education of youth, at any place within the State, be the true one, then the title, as indicative of the subject of the act, would have been deceptive, and, as we would view it, would be in fraud of the constitutional provision.

Appellee concedes the rule to be, that courts will construe grants from the State strictly; and, see *Mills et al.* v. *The County of St. Clair et al.* 2 Gilm. 198.

Upon the whole case, taking and considering all the sections of the act together, having regard to its title, the constitutional provision referred to, and the principle of strict construction to be applied, we are of opinion that this corpor-

ation is, by its charter, restricted, as to place. to Chicago; that the general language employed in the third section of the act, giving power to establish, control, govern and manage any hospital, orphan house, insane asylum, or school, is to be taken subject to the implied limitation that such institution is located at Chicago.

The corporation, then, being located at Chicago, it follows that it has no right to maintain, as a corporation, an orphan asylum at Jacksonville, and that the exercise of the rights and franchises of a corporation at Jacksonville is an usurpation. *The People* v. *Trustees of Geneva College*, 5 Wend. 211.

The demurrers to the pleas should have been sustained, instead of being overruled.

The judgment is reversed and the cause remanded.

*Judgment reversed.*