## LOMELIA A. BICKFORD, administratrix, *vs.* INHABITANTS OF HYDE PARK.

Norfolk.  ·December 16, 1898. — June 29, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Town — Report of Committee — Vote — Action.*

Under an article in the warrant for a town meeting, "to see if the town will reimburse the estate of B. for taxes overpaid by said B. between" certain years named, the town voted " to refer the subject matter of this article to the present ' Park Committee' to consider the same and report to the town at a future meeting." The committee made a report, setting out the facts relating to the overpayment by B., owing to an error of the assessors, for several years, of taxes upon the " homestead lot," and upon land on P. Street and H. Avenue, amounting to a sum named, from which the assessors made a certain abatement, " still leaving a balance of . . . his due on the P. Street and H. Avenue land, which added to the" sum "claimed to have been overpaid on the homestead lot amounts to . . . the total amount of the claim of the B. estate against the town, which is the report of your committee." Under the following article in the warrant for a town meeting, " to hear the report of the committee to whom was referred the matter of the claim of the estate of B. against this town, and to act thereon," the town voted "to accept the report and discharge the committee." *Held,* that the action of the town in accepting the report of the committee did not constitute an agreement on its part to pay the amount named therein, nor was it such an acknowledgment of the claim that a promise to pay fairly might be implied.

CONTRACT, by the administratrix of the estate of Levi B. Bickford, to recover $204.47, alleged to have been paid by the intestate by mistake for taxes upon property in the defendant town which he never owned. . Trial in the Superior Court, before *Bishop,* J., who allowed a bill of exceptions, in substance as follows.

At a meeting of the legal voters of the defendant town on March 25, 1891, the following article was taken up for consideration :

" To see if the town will reimburse the estate of Levi B. Bickford for taxes overpaid by said Levi B. Bickford between A. D. 1869 and 1887, inclusive, or for any part of that time." Under this article it was " Voted, to refer the subject matter of this article to the present ' Park Committee' to consider the same and report to the town at a future meeting."

The report of the committee was as follows:

" Report of the Park Committee to whom was ' referred the claim of Mrs. L. A. Bickford, administratrix of the estate of the late Levi B. Bickford, against the town of Hyde Park, for a remission of overpaid taxes claimed to have been paid by him.

" Mrs. Bickford claims that her husband, the late Levi B. Bickford, was assessed for more land at No. 82 East River Street than the lot contained, and that he paid the taxes on the same; also that he was assessed and paid taxes for seven years on land on Providence Street and Hyde Park Avenue, Hazelwood, which he did not own, and never had owned.

" It appears that the lot on East River Street in the year 1869 was taxed as containing 28,000 feet. It continued to be taxed for that amount until 1875, when the amount was reduced 965 feet, which your committee believes was for land taken to widen East River Street, leaving 27,035 feet, up to the year 1888, when an examination of the records at Dedham by Mrs. Bickford and her attorney disclosed the fact that the lot contained but 23,978 feet; showing that for nineteen years the lot was taxed for 3,057 feet more land than it contained; amounting to the sum of $93.22.

" On the claim that her husband, the late Levi B. Bickford, paid taxes on land on Providence Street and Hyde Park Avenue for seven years that he did not own and never did own, your committee desires to present the following remarkable statement. It appears that John L. Butman bought the land in question, then said to contain in all 52,666 feet; the title of which was made to his sister in law, Mrs. L. A. Brigham. On June 16th, 1870, Mrs. L. A. Brigham became the wife of Levi B. Bickford. In February, 1871, eight months later, this land on Providence Street and Hyde Park Avenue was conveyed to R. W. Turner, and Mrs. Bickford signed a release. But it appears by the town books in the assessors' office, that, by some unaccountable mistake the assessors, elected in March, 1871, (one month after this land had been conveyed to R. W. Turner,) assessed it to Levi B. Bickford, and the succeeding boards of assessors continued this error by assessing it to him from 1871 to 1877 inclusive, — seven years; on which he wrongfully paid the taxes, amounting to $161.25.

" In the mean time Mr. Bickford was dissatisfied with the amount of his tax bill, which he supposed all the time was on the homestead lot on East River Street; there being nothing on the tax bill to show what property was taxed.

" About the year 1878, the assessors evidently discovered their error, and discontinued taxing the property to him, which led to a conversation which disclosed the fact that for seven years this land had been taxed to him, when he did not own it and never had owned it, amounting to $161.25 for overpaid taxes and the only redress which Mr. Bickford was able to get from the assessors for his over taxation in East River Street and at Hazelwood, was an abatement of $50 on his tax for 1878; still leaving a balance of $111.25 his due on the Providence Street and Hyde Park Avenue land, which, added to the $93.22 claimed to have been overpaid on the homestead lot amounts to $204.47, the total amount of the claim of the Bickford estate against the town of Hyde Park; which is the report of your committee."

At a meeting of the legal voters of the defendant town on October 18, 1892, the following article was taken up for action : " To hear the report of the committee to whom was referred the matter of the claim of the estate of Levi B. Bickford against this town, and to act thereon." Under this article it was " Voted to accept the report and discharge the committee."

The judge refused to rule, as requested by the defendant, that the plaintiff was not entitled to recover ; and directed the jury to return a verdict for the plaintiff. The defendant alleged exceptions.

*J. E. Cotter*, for the defendant.

*J. M. B. Churchill*, for the plaintiff.

MORTON, J.   The principal question in this case is whether the action of the town in accepting the report of its committee constituted an agreement on its part to pay the plaintiff's claim, or was such an acknowledgment of it that a promise to pay fairly may be implied. We do not think that it ·was either. As we construe the report, it was a statement by the committee, for the information of the voters, of the facts which they on investigation had discovered in regard to the plaintiff's claim. The report recommends no action of any kind by the town, and does not allege that the amount claimed is due from the

town and should be paid or refunded. The words " still leaving a balance of $111.25 his due on the Providence Street and Hyde Park Avenue land" on which reliance is placed, express merely the mathematical result which followed after deducting from the amount overpaid $50, which the assessors had allowed by way of abatement. In conclusion, the committee says that the $111.25 added to the amount claimed to have been overpaid on the homestead lot "amounts to $204.47, the total amount of the claim of the Bickford estate against the town of Hyde Park; which is the report of your committee." This mode of statement is wholly inconsistent with the view that the language previously referred to was intended as an expression of liability on the part of the town. There is nothing in the article under which the committee was appointed to create a liability on the part of the town. The article was, " To see if the town will reimburse the estate of Levi B. Bickford for taxes overpaid by said Levi B. Bickford between A. D. 1869 and 1887 inclusive, or for any part of that time." The vote was "to refer the subject matter of this article to the present ' Park Committee ' to consider the same and report to the town at a future meeting." The article under which the town acted on the report was, " To hear the report of the committee to whom was referred the matter of the claim of the estate of Levi B. Bickford against this town and to act thereon," and the vote was, " Voted to accept the report and discharge the committee." It is to be noted that there was no vote on the part of the town to refund the amount claimed as there was in *Hall* v. *Holden*, 116 Mass. 172, and *Nelson* v. *Milford*, 7 Pick. 18. All that was done was to accept the report and to discharge the committee, which meant, we think, that the town was satisfied with the investigation that had been made and did not desire to continue the committee longer, and nothing more. See *Dudley* v. *Weston*, 1 Met. 477; *Collins* v. *Dorchester*, 6 Cush. 396; *Wheeler* v. *Framingham*, 12 Cush. 287; *Carroll* v. *St. John's Society*, 125 Mass. 565.

As the view which we take in regard to the liability of the town upon the report and its acceptance thereof will probably be decisive of the case, we do not deem it necessary to consider the other questions which have been discussed by the defendant.

*Exceptions sustained.*