L. W. ALLARDT

| 197 | 501 |
|-----|-----|
| 205 | 491 |

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed June 19, 1902.*

1. RAILROADS—*act of 1897, against selling passes, is unconstitutional.* The act of 1897, (Laws of 1897, p. 204,) which prohibits the buying, selling or transferring of passes or free transportation which, "by conditions expressed thereon," are not transferable, is unconstitutional, both because the act embraces more than one subject, and because it grants special privileges to transportation companies by giving them power to make the buying or selling of free transportation a criminal act by merely making the same non-transferable.

2. SAME—*clause 2 of section 1 of act against selling passes cannot be upheld.* The fact that the second clause of section 1 of the act of 1897, prohibiting any person from using another's free transportation, does not contain the qualification that the same be non-transferable, does not justify upholding such clause, since it is clear from the first clause that the legislature was dealing with non-transferable transportation.

3. SAME—*what necessary to justify conviction under Pass act of 1897.* To justify conviction under the act of 1897, against selling or using passes or free transportation belonging to others, it must appear that the same is not transferable "by express conditions," and it is not enough that it may be inferred from the fact that the pass is to be taken up if used by another than its owner that it is non-transferable.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

KICKHAM SCANLAN, for plaintiff in error:

The *Burdick cases,* 149 Ill. 600 and 611, are binding on no one except the parties thereto. They were founded upon false and fraudulent issues, and are no precedent in any sense of the term. *In re Burdick,* 162 Ill. 48.

The statute under which this prosecution is had is unconstitutional because it deprives plaintiff in error of his liberty and property without due process of law; because it deprives him of rights and privileges secured to a citizen of this State, and because it abridges his privileges

and immunities as a citizen of the United States and denies to him the equal protection of the laws. *People* v. *Warden,* 157 N. Y. 116; *People.* v. *Hagin,* 71 N. Y. Sup. 461; *Ritchie* v. *People,* 155 Ill. 98; *Board of Education* v. *Blackwell,* 122 id. 339; *Allgeyer* v. *Louisiana,* 165 U. S. 578; *Gillespie* v. *People,* 188 Ill. 176; *Bessette* v. *People,* 193 id. 349; *Hawthorn* v. *People,* 109 id. 302; *Ruhstrat* v. *People,* 185 id. 133.

The statute under which this prosecution is had is unconstitutional because it is a delegation of legislative power to private individuals and corporations. *Fannin* v. *State,* 51 S. W. Rep. 1126; *Noel* v. *People,* 187 Ill. 587.

If a law is fair and impartial on its face, yet is applied and administered with an evil eye and an unequal hand, so as to make unjust and illegal discrimination between persons in similar circumstances, material to their rights, it is a denial of justice. *Yick Wo* v. *United States,* 118 U. S. 220; *Cairo* v. *Feuchter,* 54 Ill. App. 112; 159 Ill. 155; *Timm* v. *Harrison,* 109 id. 593; *Chicago* v. *Rumpff,* 45 id. 90; *Lake View* v. *Tate,* 130 id. 247; *Dennehy* v. *Chicago,* 120 id. 627; *Tugman* v. *Chicago,* 78 id. 405; *Zanone* v. *Mound City,* 103 id. 552; *Braceville* v. *Daugherty,* 30 Ill. App. 645; *Peoria* v. *Gugenheim,* 61 id. 374; *Carrollton* v. *Bazzette,* 159 Ill. 284; Dillon on Mun. Corp. sec. 256; *Monmouth* v. *People,* 183 Ill. 634; *Hyde Park* v. *Carton,* 132 id. 100; *Borough of Sayre* v. *Phillips,* 148 Pa. St. 482; *State* v. *Sheriff,* 48 Minn. 236; *State* v. *Dering,* 84 Wis. 585; *Shreveport* v. *Levy,* 26 La. Ann. 671; *Richmond* v. *Dudley,* 129 Ind. 112; *Ex parte Frank,* 52 Cal. 606; *Hayden* v. *Noyes,* 5 Conn. 391; *Willard* v. *Killingworth,* 8 id. 247.

The statute under which this prosecution is had is not general in its scope, affects only one class of citizens, is in conflict with the spirit of our government, is class legislation, and therefore void. Const. of U. S. 14th amendment; Const. of Ill. art. 2, sec. 2, and art. 4, sec. 22; *Ritchie* v. *People,* 155 Ill. 98; *Low* v. *Printing Co.* 41 Neb. 127; *In re Jacobs,* 98 N. Y. 98; *Ex parte Westerfield,* 55 Cal. 550; *Frorer* v. *People,* 141 Ill. 171; *Butchers' Union Co.* v. *Crescent Cy. Co.*

111 U. S. 746; *Millett* v. *People*, 117 Ill. 294; *People* v. *Gillson*, 109 N. Y. 389; *Ramsay* v. *People*, 142 Ill. 380; *Railroad Co.* v. *Jacksonville*, 67 id. 37; *Coal Co.* v. *People*, 147 id. 66; *State* v. *Goodwill*, 33 W. Va. 179; *State* v. *Loomis*, 115 Mo. 307; *Eden* v. *People*, 161 Ill. 296; *Johnson* v. *Railroad Co.* 43 Minn. 223; Cooley's Const. Lim. 393; *Railroad Co.* v. *Baty*, 6 Neb. 37; *Godcharles* v. *Wigeman*, 113 Pa. St. 431; *Bessette* v. *People*, 193 Ill. 334; *Calder* v. *Bull*, 3 Dall. 386; *Bailey* v. *People*, 190 Ill. 28; *Noel* v. *People*, 187 id. 587; *Gillespie* v. *People*, 188 id. 176; *People* v. *Hazelwood*, 116 id. 319; *Lippman* v. *People*, 175 id. 104; *Lasher* v. *People*, 183 id. 232; *Cohn* v. *People*, 149 id. 486; *Vogel* v. *Pekoc*, 157 id. 339; *Monmouth* v. *People*, 183 id. 639; *Cairo* v. *Feuchter*, 159 id. 155.

An act cannot invade the rights of persons and property under the guise of a police regulation when it is not such in fact. The real object and effect of the enactment must be to promote the public health, comfort, welfare or safety, before it can rise to the dignity of a police regulation. *Lippman* v. *People*, 175 Ill. 101; *Railroad Co.* v. *Jacksonville*, 67 id. 37; *Bailey* v. *People*, 190 id. 28; *Ritchie* v. *People*, 155 id. 98; *Lake View* v. *Cemetery Co.* 70 id. 191; *In re Jacobs*, 98 N. Y. 109; *People* v. *Gillson*, 109 id. 389; *Millett* v. *People*, 117 Ill. 296; *Calder* v. *Bull*, 3 Dall. 386; *Pickering* v. *Misner*, 11 Ill. 397; *Thompson* v. *Weller*, 85 id. 192.

Where any consideration whatsoever, either in the form of money, services or property, forms the basis for the issuance of a pass by a transportation company, such pass is not a free pass or free form of transportation. The statute under which this prosecution is had specifically says, "any form of free transportation." *Railroad Co.* v. *Douthet*, 88 Pa. St. 243; *Railroad Co.* v. *Ketchum*, 27 Conn. 170; *Railroad Co.* v. *Lockwood*, 17 Wall. 357; *Railroad Co.* v. *Curran*, 16 Ohio St. 1; *Railroad Co.* v. *Henderson*, 51 Pa. St. 315; *Railroad Co.* v. *Joy*, 71 Tex. 409; *Maslin* v. *Railroad Co.* 14 W. Va. 180; *Railroad Co.* v. *Nates*, 40 Ark. 298; *Graham* v. *Railroad Co.* 88 Mo. 239; *Flinn* v. *Railroad Co.* 1 Houst. 469; *Railroad Co.* v. *Beaver*, 41 Ind. 493; *Rail-*

*road Co.* v. *Selby,* 47 id. 471; *Railroad Co.* v. *Nickless,* 71 id.
271; *Railroad Co.* v. *Sayers,* 26 Gratt. 328.

The statute under which this prosecution is had is a
penal statute, and it must be strictly construed. It can
not be extended to an act not clearly and fairly included
within the letter and spirit of its provisions. *Gibbons* v.
*People,* 33 Ill. 443; *Siegel* v. *People,* 106 id. 84; *Railroad Co.*
v. *People,* 67 id. 11; *Wright* v. *People,* 61 id. 382; *Reinecke* v.
*People,* 15 Ill. App. 241; *People* v. *Peacock,* 98 Ill. 172.

H. J. HAMLIN, Attorney General, (C. S. DENEEN, State's
Attorney, and JOHN H. S. LEE, of counsel,) for the People:

The act of 1875, known as the "Scalper's act," and the
first clause of section 125 *a* of chapter 38, (Hurd's Stat.
1899,) are not before the court for consideration in this
case, as the prosecution is brought under the second
clause of said section 125 *a*. *People* v. *State Reformatory,*
148 Ill. 413; *People* v. *Warden,* 157 N. Y. 116.

The right of the judiciary to declare a statute void
and arrest its execution is one which, in the opinion of
all courts, is coupled with a responsibility so grave that
it is never to be exercised except in very clear cases.
*People* v. *Thompson,* 155 Ill. 465; *Harmon* v. *Chicago,* 140 id.
372; *Railway Co.* v. *Smith,* 62 id. 268; *Ogden* v. *Saunders,* 12
Wheat. 213; *Wellington* v. *Petitioners,* 16 Pick. 87.

It has even been held that the burden is upon the de-
fendant to show, beyond a reasonable doubt, that the
statute is in conflict with some of the provisions of the
constitution of the State or of the United States. *People*
v. *Thompson,* 155 Ill. 465; *People* v. *Gaulter,* 149 id. 47; *Haines*
v. *Williams,* 146 id. 450; *Newland* v. *Marsh,* 19 id. 376; *Har-
mon* v. *Chicago,* 140 id. 372; Cooley's Const. Lim. (6th ed.)
216, 218; Bishop on Stat. Crimes, secs. 91, 91*a*.

Clause 2, section 125 *a*, of the law of 1897, now under
the consideration of the court, is not unconstitutional
because it deprives plaintiff in error of his liberty and
property without due process of law, or because it de-

prives him of rights and privileges secured to a citizen of this State, or because it abridges his privileges and immunities as a citizen of the United States and denies to him the equal protection of the laws. *In re Burdick,* 162 Ill. 48; *Burdick* v. *People,* 149 id. 600; *Munn* v. *People,* 69 id. 80; *Commonwealth* v. *Wilson,* 14 Phil. 384; *Fry* v. *State,* 63 Ind. 552; *Corbett* v. *State,* 59 N. W. Rep. 317; *Jannin* v. *State,* 51 S. W. Rep. 1126; *People* v. *Warden,* 157 N. Y. 133.

A ticket is merely a voucher, token or receipt, and ordinarily is not even a contract. *Railroad Co.* v. *Dumser,* 161 Ill. 190; *Rawson* v. *Railroad Co.* 48 N. Y. 212; *Quimby* v. *Vanderbilt,* 17 id. 206; *Commonwealth* v. *Wilson,* 14 Phil. 384; 2 Beach on Railways, sec. 869.

Where the provisions of a statute are separable and distinct, the valid portions may be enforced even though the others may be invalid. *Belleville* v. *Railway Co.* 152 Ill. 171; *Dupee* v. *Swigert,* 127 id. 494; *People* v. *State Reformatory,* 148 id. 413; *Donnersberger* v. *Prendergast,* 128 id. 229; *People* v. *Hazelwood,* 116 id. 319; *Myers* v. *People,* 67 id. 503; Cooley's Const. Lim. 177-179, 214; *Knox County* v. *Davis,* 63 Ill. 403.

This is so even when the clauses are contained in the same section. *Railroad Co.* v. *Jones,* 149 Ill. 361.

If a law is general and uniform in its operation it is general, in a constitutional sense. *Hawthorn* v. *People,* 109 Ill. 302; *People* v. *Hazelwood,* 116 id. 319; *Booth* v. *People,* 186 id. 42; *Lippman* v. *People,* 175 id. 101; *Potwin* v. *Johnson,* 108 id. 70; *Eden* v. *People,* 161 id. 296; *Cohn* v. *People,* 149 id. 486; *Railway Co.* v. *Mackay,* 127 U. S. 205.

A classification may be made by the legislature if it rests upon some reasonable basis. *Lasher* v. *People,* 183 Ill. 226; *People* v. *Supervisors,* 185 id. 288.

The legislature in this State can do any legislative act that is not prohibited by the State or Federal constitution. *People* v. *Hill,* 163 Ill. 186; *People* v. *Hoffman,* 116 id. 587; *Railroad Co.* v. *Warrington,* 92 id. 157; *Hawthorn* v. *People,* 109 id. 302; *People* v. *Wall,* 88 id. 75.

The statute in question is a valid regulation under the police power. *Hawthorn* v. *People*, 109 Ill. 302; *Burdick* v. *People*, 149 id. 600; *Commonwealth* v. *Wilson*, 14 Phil. 384; *Fry* v. *State*, 63 Ind. 552; *State* v. *Bernheim*, 49 Pac. Rep. 441; *Booth* v. *People*, 186 Ill. 46.

The protection of public morals is a well recognized ground for the exercise of the police power, and the legislature may expressly prohibit and make criminal the doing of an act which, in the absence of the law, constitutes a liberty or property right within the meaning of the constitution, even though such act be not in itself criminal. *Booth* v. *People*, 186 Ill. 46.

Mr. JUSTICE WILKIN delivered the opinion of the court:

In 1897 the legislature of this State passed an act which was approved June 10, 1897, in force July 1 of that year, as follows:

"Sec. 1. That it shall not be lawful for any person to buy, sell, give, barter, or transfer in any manner, any pass which, by conditions expressed thereon, is not transferable, or any form of free transportation which, by conditions expressed thereon, is not transferable, issued or given by any railroad company, steamboat company or owners of other public conveyances in this State. Nor shall it be lawful for any person to use or attempt to use for the purpose of being transported upon any railroad, steamboat or other public conveyance in this State, any pass or any form of free transportation issued in the name of any person other than the one so using or attempting to use such pass or form of free transportation.

"Sec. 2. Any person violating any of the provisions of this act shall be deemed guilty of a misdemeanor, and shall be liable to be punished by a fine not exceeding $100, or by imprisonment not exceeding one year, or either or both, at the discretion of the court in which such person or persons shall be convicted." (Hurd's Stat. 1899, chap. 38, secs. 125a, 125b, pp. 589, 590.)

At the May term, 1901, of the criminal court of Cook county plaintiff in error was indicted under this statute. The indictment contained four counts. The first charged that on the 19th day of May, 1901, L. W. Allardt unlawfully used a certain pass for the purpose of being then and there transported over and upon a certain railroad of the New York, Chicago and St. Louis Railroad Company, which had before then been issued in the name of a person other than the said L. W. Allardt, and the said pass was in the words and figures as follows:

"THE NEW YORK, CHICAGO & ST. LOUIS R. R. Co.          1901. "Pass Mr. B. R. Burnet,

Com. & F. A. Texas-Southern Ry.

Until December 31st, unless otherwise ordered. Issued subject to conditions on back.                    W. H. KANNIFF, *President.*"
1064.

"1901.

"The person accepting this free pass thereby assumes all risk of personal injury and loss or damage to property under all circumstances, whether by negligence of agents or otherwise.

"If presented by any other than the person named thereon, the conductor will take up pass and collect fare."

The above conditions were endorsed on the back of the pass. The second count is substantially the same as the first, except that it charges the defendant with unlawfully *attempting* to use the pass described in the first count. The third and fourth counts do not materially differ from the second. At the October term, 1901, a motion to quash the indictment was overruled and the defendant entered his plea of not guilty, whereupon he was tried by a jury and found guilty in manner and form as charged in the indictment. Motions for new trial and in arrest of judgment were then overruled by the court and he was sentenced to the county jail of Cook county. To reverse that judgment of conviction this writ of error has been sued out.

The evidence upon which plaintiff in error was convicted showed that on May 19, 1901, he boarded a passen-

ger train on the said railroad at Chicago and attempted
to ride on the pass set forth in the indictment.  He of-
fered the pass to the conductor and claimed to be the
person named in the same, but the conductor declined to
receive it and took it up, collecting the usual fare.  After-
wards he was arrested and taken back to Chicago and
held until indicted by the grand jury.  It is conceded
that the pass was not issued in his name, and that he
attempted to use it for the purpose of being transported
from Chicago to Ft. Wayne, Indiana.

It is first insisted on behalf of plaintiff in error that
the act of the legislature under which he was indicted is
unconstitutional and void.  Most of the argument is de-
voted to an attack upon the constitutionality of the act
of 1875, entitled "An act to prevent frauds upon travel-
ers, and owner or owners of any railroad, steamboat or
other conveyance for the transportation of passengers,"
and a criticism upon the decision of this court filed at
Mt. Vernon, April 2, 1894, sustaining the validity of that
act; (*Burdick* v. *People,* 149 Ill. 600;) also of the disposition
of the motion, afterwards filed, to expunge that decision
from our Reports.  (*In re Burdick,* 162 Ill. 48.)  The correct-
ness of the decision reported in 149 Ill., *supra,* has never
been questioned in this court by proper parties.  It is in
harmony with the decisions of courts of last resort upon
similar statutes, rendered both before and since its adop-
tion.  (*Fry* v. *State,* 63 Ind. 553; *State* v. *Fry,* 81 id. 700;
*State* v. *Corbitt,* 57 Minn. 345; *Jannin* v. *State,* 51 S. W. Rep.
1126.)  The validity of like statutes in the State of North
Carolina was recognized in *State* v. *Clark,* 109 N. C. 739,
and *State* v. *Ray,* id. 736.  But a single authoritative case
has been found to the contrary, (*People ex rel.* v. *Warden of
City Prison,* 157 N. Y. 116,) in which Parker, C. J., rendered
the opinion of the majority of the court of appeals of
that State holding the law unconstitutional, and to which
three of the judges disagreed, elaborate dissenting opin-
ions being filed by Justices Bartlett and Martin.

But the act of 1875 and the correctness of our decision in *Burdick* v. *People, supra,* cannot be considered or reviewed on this record. If the constitutionality of that act should again be presented by parties not before the court in the *Burdick case,* that decision will not preclude them, except in so far as it is founded upon sound reasoning and authority, and will then be re-affirmed or overruled, as shall appear right and proper. The act of 1897, under which plaintiff in error was convicted, is an entirely different statute and was manifestly passed for an entirely different purpose. It is entitled, "An act to prevent buying, selling or fraudulently using passes upon railroads, steamboats or other public conveyances." The first section is divided into two clauses, the first of which embraces the subject of buying, selling, giving, bartering or transferring, in any manner, passes, etc. Instead, however, of forbidding such buying or selling unconditionally, as expressed in the title, the prohibition is limited to any pass which, "by conditions expressed thereon, is not transferable." That clause, also, not only forbids the buying or selling of passes, but also prohibits the buying or selling "any form of free transportation which, by conditions expressed thereon, is not transferable." The title of the act is, to prevent buying or selling passes, generally. But this clause clearly contemplates the issuing of such passes or other forms of free transportation by railroads, steamboats and other public conveyances, and only prohibits the buying, selling, giving, bartering or transferring, in any manner, any pass or form of free transportation *"which, by conditions expressed thereon, is not transferable"* by other persons after it has been so "issued or given." It seems clear that this part of the section is violative of section 13 of article 4 of the constitution, which provides that "no act hereafter passed shall embrace more than one subject, *and that shall be expressed in the title.*" This limitation requires all

acts of the legislature to have but a single object and requires that object to be clearly indicated by the title, and no act can be sustained the title of which does not fairly indicate the objects and purposes of the law. The framers of the constitution intended by it to prevent legislation which should not, by the title, clearly inform the legislature of its purpose and prevent the people from being misled thereby. "The generality of a title is therefore no objection to it, so long as it is not made a cover to legislation incongruous in itself, and which by no fair intendment can be considered as having a necessary or proper connection." (Cooley's Const. Lim. 169, *et seq.; People* v. *Institution of Protestant Deaconesses,* 71 Ill. 229.) The title of the act of 1897 gives no information as to the purpose contained in the first clause of the first section.

But that clause is unconstitutional for the further reason, that while the title of the act is "to prevent buying, selling or fraudulently using passes upon railroads," etc., this clause empowers these very companies to make such buying, selling, etc., lawful by withholding any condition expressed upon such passes making them non-transferable. There is no requirement of law compelling such companies to endorse a condition of that kind upon passes, and hence they may, by merely endorsing such a condition, make the buying or selling of them criminal or not, as they see fit. In other words, they are delegated the power by this statute, contrary to the title of the act, to make the buying or selling of passes issued by them criminal or innocent, by merely placing thereon "transferable" or declining to do so. This manifestly grants to such companies and associations special privileges, and is violative of section 22 of article 4, *supra,* of the constitution.

In *Jannin* v. *State, supra,* the act under consideration by the court contained the proviso "that the provisions of this act shall not apply to any person holding a ticket upon which is not plainly printed that it is a penal of-

fense for him or her to sell, barter or transfer said ticket for a consideration." After sustaining the law generally, it is said: "It would have been a very easy matter for the legislature to have confined the sale of passage tickets to the agents of the railroad companies without any requirement as to the form of the ticket. But this course was not pursued. As it is, every railroad company has the option to issue a passage ticket with this proviso or not, as it may see proper. If it issues a ticket without this proviso it is not a penal offense, and in every such case scalpers and all others may deal in such passage tickets without any violation of the law. We accordingly hold that because the legislature left it optional with the railroad companies whether or not, in the issuance of tickets, they would create a penal offense, the act of the legislature is without authority of law; is violative of the law, in that it does not define with certainty an offense; does not itself create an offense, but delegates its authority to another agency to make the sale of railroad tickets a violation of the law." And so, under this statute, it is left to the companies named in the act to create an offense, or not, as they shall see proper.

It is difficult to see what purpose the legislature had in the passage of this statute unless it was to protect transportation companies against the violation of conditions expressed in passes issued by them,—in other words, to enact a criminal law for the sole purpose of enforcing a civil agreement. Railroad and steamboat passes are of different kinds. Some are purely gratuitous; others, such as drovers' and employees' passes or free transportation, are issued upon a good consideration. When issued in the name of a particular person they are generally held not to be transferable, and may doubtless be dishonored and taken up when presented by a person other than the one named. But that is a very different thing from making the act of buying, selling or transferring them a crime or misdemeanor.

Counsel for the People do not seriously contend that the first clause of the first section is valid, but they insist that the second clause, under which they say this conviction was had, is entirely separate and distinct from the first, and therefore the latter may be sustained although the former is held to be unconstitutional. The second clause makes it unlawful "for any person to use or attempt to use for the purpose of being transported upon any railroad, steamboat or other public conveyance in this State, any pass or any form of free transportation issued in the name of any person other than the one so using or attempting to use such pass or form of free transportation,"—which, it is said, is without the objectionable qualification, "which, by conditions expressed thereon, is not transferable;" and it is insisted that under this clause the crime consists in the use or attempt to use, for the purpose of being transported, any pass or form of free transportation issued in the name of another, and is in no way connected with or dependent upon the first clause. We concede that where the provisions of a statute are so distinct and separate from each other as that one part in no way depends upon another, and where one part is violative of some provision of the constitution and the other is not, the latter may be sustained even though in the same section,—provided, however, that the court can see that the legislature would have passed the valid part of the law without reference to the invalid. We do not agree with counsel that these clauses or sentences of the first section should be so construed. The statute is penal and must be strictly construed, one part with another, so as to give effect to the whole, if that can be done. The legislature was here dealing with the sale and use, or attempted use, of non-transferable passes or free transportation, and it cannot be said that it would have passed the last clause without reference to the first. But it seems to us that the argument of counsel inevitably leads to the destruction of

the whole law. If their position is correct and if the title to the act embraces the two objections,—that is, the one named in the first clause, independent of and separate from that enacted in the second clause,—then it is clearly void because it "embraces more than one subject." "If the title to the act actually indicates, and the act itself actually embraces, two distinct objects when the constitution says it shall embrace but one, the whole act must be treated as void from the manifest impossibility in the court choosing between the two and holding the act valid as to one and void as to the other." (Cooley's Const. Lim. 177.) As said in the note to this text, "all the cases recognize this doctrine."

We hold, then, that the act under which plaintiff in error was convicted is unconstitutional and void.

We also think there is force in the contention of counsel for plaintiff in error that the pass upon which the defendant attempted to ride is not, "by the conditions expressed thereon, not transferable." As we have already said, the statute is to be strictly construed, and to justify a conviction under its provisions the party charged must be brought clearly within its provisions. The language is, "which, by conditions *expressed* thereon, is not transferable." It is not and cannot be claimed that the pass copied in the indictment contained any such express condition. It is true, it shows by the condition on the back of it that it was not to be used by any person other than the one named therein, because if presented by any other person the conductor was required to take it up and collect the fare; but it is only non-transferable by inference or by construction, and not by the express terms endorsed thereon.

We are therefore, for the two reasons stated, of the opinion that the judgment of the criminal court should be reversed, and as the law upon which the conviction is based is invalid the case will not be remanded.

*Judgment reversed.*