SUPERVISORS, INC., a Florida Corporation, L. L. MORGAN and GEORGE V. RUSSELL, *Plaintiffs in Error*, vs. ARCADIA CITRUS GROWERS ASSOCIATION, a corporation, *Defendant in Error*.

Division B.
Opinion filed June 6, 1931.

*Leitner & Leitner* and *Frank C. Morgan,* of Arcadia, for Plaintiffs in Error;

*Treadwell & Treadwell,* of Arcadia, for Defendant in Error.

DAVIS, J.—This was a replevin case. Plaintiff sued defendant, a court receiver, to recover possession of a crop of citrus fruit. The court granted permission to sue the receiver after the receiver in a foreclosure case had taken possession of the crop. At the trial, a directed verdict was given in favor of the defendant. The result was a judgment for the receiver against plaintiff who asserts that he had acquired lawful possession of the crop from the grower who had produced the fruit. The foreclosure was against the owner of the land upon which the crop involved in the suit had been grown.

At the trial plaintiff was entitled to show his right of possession independent of the instrument of writing introduced in evidence. As to rights which originate in the relation established by a written contract, or one founded upon it the rule against varying it by parol applies. But the rule against varying a written contract by parol does not apply to rights which are asserted independent of the written instrument. Minneapolis St. etc. Ry. Co. v. Home Ins. Co., 55 Minn. 236, 56 N. W. 815; Roof v. Chattanooga Wood Split Pulley Co., 36 Fla. 284, 18 So. 597.

The court below appears to have ruled on the admissibility of evidence and to have directed a verdict for the defendant on the theory that plaintiff in the replevin case was limited to recovery upon the written instrument in evidence, or not at all. The issues were thus too narrowly restricted and a new trial should be granted.

The motion to dismiss the writ of error should be denied. The certificate to the transcript shows a complete record sufficient for the purposes of this appeal, altho the original writ of replevin, requested by defendant in error to be included therein, has been omitted because the clerk certifies it was lost. Had it been material, defendant in error should have requested that it be re-established since its inclusion in the transcript would only have been made at defendant in error's request for its particular benefit. Process is ordinarily omitted from transcripts brought to this court. The omission of the writ of replevin, while irregular, is not fatal, nor is it shown to have been due to the fault of the plaintiff in error. The case can be disposed of on other grounds not involving the omitted writ.

Reversed for new trial.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.