ARCADIA CITRUS GROWERS ASSOCIATION, a corporation, as Receiver, *Plaintiff in Error*, vs. SUPERVISORS, INC., a Florida corporation, *Defendant in Error*.

143 So. 603.

Division A.

Opinion filed August 24, 1932.

Petition for rehearing denied October 20, 1932.

*Treadwell & Treadwell*, for Plaintiff in Error;

*F. C. Morgan* and *Leitner & Leitner*, for Defendant in Error.

PER CURIAM.—This is the second appearance of this suit in this Court. See Supervisors, Inc. et al., vs. Arcadia Citrus Growers Association, 101 Fla. 804, 135 Sou. 296. The Record is somewhat confusing. The suit was brought by the plaintiff against Arcadia Citrus Growers Association, the defendant, which defendant was at the time in possession of the property involved by reason of having been appointed Receiver in a suit instituted by one Duke to foreclose a mortgage against one R. E. Whidden.

After the replevin suit was instituted the Court made an order in the foreclosure case requiring the Receiver to deliver the fruit to Whidden, the defendant in the foreclosure.

Regardless of this order, the litigation of the replevin suit continued. There was a trial of the replevin suit resulting in favor of the defendant. Writ of error was taken to that judgment and the same was reversed in the opinion and judgment above referred to.

After the mandate went down another trial was had which resulted in a verdict in favor of the defendant. The court set aside the verdict and granted a new trial. The

writ of error which brings the cause before us now is to review the order granting a new trial.

The evidence disclosed by the record is conflicting and the charges of the court as given to the jury were, to say the least, confusing. The language used in the charges shows that the trial court was somewhat confused and did not state the proposition of law attempted to be stated so clearly that he, in considering the same later, could not say that a jury might not have been confused and mislead thereby.

In Miami Transit Co. vs. Mowrey, 138 Sou. 481, this Court said:

"An appellate court will not reverse an order of the court below granting a new trial, unless it clearly appears that judicial discretion has been abused, resulting in injustice, or that the law has been violated."

Following the rule above stated, we should affirm the order granting a new trial and it is so ordered.

Affirmed.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.