H. C. STORRS v. R. W. STORRS.

178 So. 841.
Opinion Filed May 20, 1937.
On Rehearing November 6, 1937.

712

*Wm. W. Flournoy,* for Plaintiff in Error;

*Glenn Bludworth,* and *Watson Pasco & Brown,* for Defendant in Error.

DAVIS, J.—Judgment was entered in the Circuit Court of Walton County against the plaintiff in error, H. C.

Storrs, in favor of the defendant in error, R. W. Storrs, on a promissory note for $6,500.00, payable on the 1st day of November, 1930, which plaintiff below averred had not been paid. The declaration was in one count, to which defendant below interposed three separate pleas, all of which went out upon demurrer, with the result that the judgment now appealed from was entered upon the pleadings as thus constituted and filed.

The second amended pleas upon which the judgment was entered upon plaintiff's demurrer thereto were as follows: (1) fraud in the procurement of the note sued on; (2) failure of consideration, and (3) counter claim in the nature of recoupment or set-off. All of the pleadings, except for the technical conclusions therein, are substantially the same, that is, each of the pleas is based upon the same state of facts in so far as it undertakes to set up the identical transaction between the parties, out of which the note sued on came to be given and the defense attempted to be interposed thereto is claimed to have arisen.

In substance, the pleas allege as follows: That the plaintiff, R. W. Storrs, lived in DeFuniak Springs, Florida, where he had been operating a newspaper plant referred to as "The Breeze," that the defendant had not been to Florida except on a visit to his brother, the plaintiff; that after returning to Missouri he observed a published advertisement reading as follows:

"Newspaper for Sale

"The Best Equipped Weekly Newspaper in the best section of Florida, where there is the brightest prospects for a future, is offered for sale for the very best of reasons. Very favorable terms to a man who can show that he has made good elsewhere. High, healthy locality, splendid schools and churches. Full particulars to those who

mean business, but no time for curiosity seekers. It will take $2,500.00 cash to start; balance can be paid from earnings. Box 387, DeFuniak Springs, Fla."

That the defendant prior to the said notice was ignorant of and knew nothing about the section of Florida referred to nor of the equipment of the newspaper plant advertised for sale; that in correspondence between plaintiff and defendant, plaintiff informed defendant that he had been offered $15,000.00 for the plant, but upon negotiations between the parties $9,000 was finally agreed upon as a purchase price, upon which the defendant immediately forwarded, to plaintiff a cash payment of $2,500.00; that in consideration thereof and the execution of the note sued upon plaintiff delivered to the defendant a newspaper plant which defendant later learned was of a value not exceeding $895, although such value was unknown to defendant at the time he closed the deal in agreeing to pay $9,000.00 for the same; that throughout the transaction defendant relied upon plaintiff and plaintiff's representations as to the value and earning capacity of the newspaper plant known as "The Breeze," and that plaintiff taking advantage of the situation of defendant and his reliance upon plaintiff's representations took advantage of defendant by deceitfully misleading him to his injury, in consequence of which defendant became possessed of a newspaper plant of little value compared to the extent of the obligation he had signed in the course of the transaction of acquiring it and that by reason thereof defendant had been defrauded out of the difference between the $9,000.00 that he had contracted to pay plaintiff and had partly paid plaintiff and the $895.00 which was all that the plant in question was worth according to a fair valuation.

In so far as the pleas of fraudulent inducement of the note and failure of consideration are concerned, we find

no error in the ruling of the Circuit Judge sustaining plaintiff's demurrer thereto. The pleas on their face admit, for the purposes of the demurrer, that the note sued on was given by plaintiff in error to defendant in error on November 1, 1925, two years or more after defendant had taken over, operated and run the business for which the note was representative of the purchase price. It is therefore plain from the face of the pleas themselves that the transaction of bargain and sale of the newspaper plant as a consideration for the note had been affirmed by the conduct and actions of the maker of the note and that accordingly the plea of partial failure of consideration and fraudulent inducement could not be set up *as a pure defense to the note itself*. Franklin Phosphate Co. v. International Harvester Co., 62 Fla. 185, 57 Sou. Rep. 206, Ann. Cas. 1913C, 1247; Padgett v. Lewis, 54 Fla. 177, 45 Sou. Rep. 29; Roess Lumber Co. v. State Exchange Bank, 68 Fla. 324, 67 Sou. Rep. 188, L. R. A. 1918E 297, Ann. Cas. 1916B 327.

But as to the plea denominated as a plea of "set-off," which is in reality one that could be described as a plea in recoupment, the situation is different. A plea of "recoupment" implies that plaintiff has a cause of action, but asserts that defendant also has a counter cause of action growing out of the *transaction* on which plaintiff's action is founded, or for some other cause connected with the particular obligation upon which plaintiff is suing. Marianna Lime Products Co. v. McKay, 109 Fla. 275, 147 Sou. Rep. 264.

Where the purchaser of property has been induced by the fraudulent representation of the vendor to become the purchaser of a particular property represented to have a substantial good will as part of the value of same, in consideration of which he gave a promissory note in pay-

ment, the defrauded buyer may, instead of rescinding the transaction and demanding his note back, stand by the bargain, even after he has discovered the fraud, and may thereupon have and recover his damages therefor, either in an independent action for the tort that has been committed through the opposite party's fraud and deceit, or may plead in recoupment in diminution of plaintiff's claim his own damages sustained, if sued by the vendor for the purchase price represented by the note given therefor. In such cases the implied affirmance of the contract of purchase and sale by the vendee after discovery of the fraud may not amount, *as a matter of law to be decided on the pleadings,* to a waiver of the right to complain of the fraud for any purpose, even though it may have extinguished the right of the purchaser to rescind the transaction of purchase and sale, or to interpose a plea of total or partial failure of consideration to a note given as part of the purchase price.

Thus it has been said by the Supreme Court of Illinois in the case of Allen v. Henn, 197 Ill. 501, 64 N. E. Rep. 250: "In cases of fraud upon the part of the vendor, the vendee, who alone has a right to claim a rescission, may remain silent and bring his action to recover damages for the fraud, or may rely on it by way of defense to the action of the vendor, although there has been full acceptance of the property, with knowledge of its defects. An affirmance of the contract by the vendee with such knowledge merely extinguishes his right to rescind the sale, but his other remedies remain unimpaired."

In such cases, says the court just quoted from, the vendee may still retain the clear right to recoup, as against a claim for the purchase price, any damages occasioned by the vendor's actionable fraud practiced in bringing about the bargain and sale, if such it is shown to be, when sued for

the purchase price, whether the purchase price be sued for as such, or sued for in an action wherein it is represented by a note or mortgage given in closing the transaction. This is so, even though by affirming the contract of sale, or by remaining silent and failing to rescind the whole transaction within a reasonable time after the discovery of the fraud, the vendee may have estopped himself to do other than affirm the contract, remain obligated to pay the agreed purchase price and stand remitted to whatever recoupment he may be able to establish in the nature of a counter claim for damages when sued for the amount of purchase price represented by a note or mortgage given at the time the transaction was closed.

We think that the second amended third plea filed by the defendant sufficiently discloses a justiciable defense of recoupment against the cause of action sued upon by the plaintiff within the rule of Allen v. Henn, *supra*, and Mariana Lime Products Co. v. McKay, *supra*, and that it was accordingly error for the court below to have sustained a general demurrer to said plea and thereupon enter final judgment against the defendant thereon without requiring a replication or other reply, or a joinder of issue and a trial of the issues raised by said plea in due course of procedure. In so holding, however, we call attention to the rule of law reiterated in the case last cited to the effect that pleas of recoupment are purely defensive and go solely in reduction of plaintiff's claim to the extent of the right of recoupment pleaded and proved. An appropriate amendment should be allowed, and, indeed, compelled to confine the issue raised by a plea setting up matters only pleadable in recoupment, to the compass applicable to pleas of recoupment, when matters in recoupment are attempted to be pleaded as matters of set-off. This is on the theory that

when a plea is bad, but does not wholly fail to set up a substantial defense, a motion for compulsory amendment, not a general demurrer, is the appropriate remedy by which to attack it as to its form. Hartford Fire Ins. Co. v. Hollis, 58 Fla. 268, 50 Sou. Rep. 985; Johnson v. City of Sebring, 104 Fla. 584, 140 Sou. Rep. 672; Co-operative Sanitary Baking Co. v. Shields, 71 Fla. 110, 70 Sou. Rep. 934; Florida East Coast R. Co. v. Knowles, 68 Fla. 400, 67 Sou. Rep. 122.

The judgment for plaintiff is reversed, with directions to overrule the demurrer to defendant's second amended third plea to plaintiff's declaration and have further proceedings in this cause not inconsistent with this opinion.

ELLIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents in part.

BROWN, J. (dissenting in part).—If the note sued on had been given at the time of the purchase of the property, and had formed a part of that transaction, I think the plea of recoupment would have been available and the principle set forth in the foregoing opinion would apply. But the note was given two years later, when the maker of the note must have known all the facts. Thus the giving of the note was somewhat in the nature of an accord and satisfaction—a new obligation given in compromise and settlement of the differences between the parties, and I hardly think recoupment or set-off could be pleaded based on damages occasioned by the alleged misrepresentations which induced the purchase of the property two years before the note was given. These were waived by the giving of the note.

## On Rehearing

Buford, J.—Subsequent to the filing of our opinion and judgment herein on May 20, 1937, a rehearing was granted and, pursuant to such order granting rehearing, this matter has again been argued before this Court and, having reconsidered the record, the briefs and argument of counsel, we are convinced that we reached an erroneous conclusion in regard to the sufficiency of the plea denominated as a plea of "set-off" (and which is shown by the record as the second amended third plea) and in holding that that plea was good as a plea of recoupment in this case.

We cited in support of that holding the case of Allen v. Henn, 197 Ill. 501, 54 N. E. 250.

The declaration was in one count and declared upon a promissory note in the sum of $6500.00 and nothing else.

The plea referred to shows that the note was given in part payment for a newspaper plant which was purchased by the maker from the payee about November 1, 1923, at which time the maker having paid $2500.00 as a cash payment and having agreed to pay $6500.00 balance in installments, went into possession of the plant and continued to operate the same and to pay interest on the balance of the purchase price and to pay rent to the payee of the note for the building occupied by the plant until November 1, 1925, when he executed the note sued on for the sum of $6500.00 with interest at 6% per annum payable quarterly from date and due on November 1, 1930; that he continued to rent the building from the plaintiff and to pay interest on the note of November 1, 1925, until June 27, 1935, but did not reduce the principal of the note. The suit was filed on the note of July 25, 1935.

The law is well settled that in case of fraud upon the part of the vendor the vendee who alone has the right to claim

rescission may remain silent and bring his action to recover damages for the fraud or may rely on it by way of defense to the action of the vendor, although there has been full acceptance of the property with knowledge of its defects. See authorities cited in original opinion of May 20, 1937.

This principle of law would be applicable to this case if the suit was upon the original contract of purchase but it is not so and the record shows that it was not so. The original contract was made November 1, 1923, and when the purchaser of the property involved in that contract had remained in possession of the property and had full and complete knowledge of all things attempted to be pleaded here, being then in arrears on his contract to pay the balance of the purchase price he made a new promise to pay evidenced by a promissory note payable five years after date with interest payable quarterly at 6% per annum, which was less than the legal rate of interest. So, while the plea does not show that the vendee executed a *note* at the time of taking possession of the property for the balance of the purchase price the plea does show that he agreed to pay the balance of the purchase price with interest thereon and that he continued to pay interest on the balance of the purchase price up until the time he renewed the promise to pay by the execution and delivery of the promissory note here sued on.

In Padgett, *et al.,* v. Lewis, 54 Fla. 177, 45 Sou. 29, this Court held:

"One who gives a note in renewal of another note, with knowledge at the time of a partial failure of the consideration for the original note, or false representations by the payee, etc., waives such defense, and cannot set it up to defeat a recovery on the renewal note. And where one giving such renewal note either had knowledge of such

facts and circumstances, or by the exercise of ordinary diligence could have discovered them and ascertained his rights it became his duty to make such inquiry and investigation before executing the renewal note, and if he fails so to do he is as much bound as if he had actual knowledge thereof."

In Vining as Receiver, etc., v. Pierson, 101 Fla. 1284, 133 Sou. 346, wherein was involved suit on a renewal promissory note, we said:

"There is testimony adduced under a plea that Ira Embry, an officer of the Ormond Shores, Inc., represented to Pierson that the title to the property for which the note was executed was free and clear and absolutely unencumbered by a mortgage and that such false representation was again made to Pierson by Ira Embry who was President of the East Coast Bank & Trust Company when Pierson renewed the note to the latter company, April 17, 1926. But it also appears that the note sued on was a second renewal note executed January 17, 1927, by Pierson and a payment was made on such renewal note. There was no misrepresentation as to the title to the land when the note was again renewed. The mortgage encumbrance of the land was duly recorded when the first note was given which was constructive notice to the purchaser, the maker of the note. Even if the misrepresentation was a defense to the note when the mortgage was of record accessible to the purchaser, the giving of the second renewal note when there was no misrepresentation, was a waiver of the defense."

See also Franklin Phosphate Co. v. International Harvester Co., 62 Fla. 185, 75 Sou. 206; and Hyar v. York Mfg. Co., 58 Fla. 283, 50 Sou. 485. There we said: "The defendants below had every opportunity before the execution of the renewal note sued on, by the exercise of or-

dinary diligence, to discover whether they had any claim for damages on account of the failure to ship the machinery according to contract. Such, defense was waived by the execution of the renewal note."

In Wright v. Peet, 36 Mich. 213, Mr. Chief Justice Cooley in the opinion prepared for the Court, said:

"The defendant seeks to reduce the amount of a purchase money mortgage by showing that he was defrauded in the purchase by false representations regarding the lands and crops thereon. The purchase was, made in- 1867 and the mortgage was not given until 1872. As defendant had possession of the premises immediately after the purchase, he discovered at once any deception that had been practiced upon him, and his duty was to make prompt complaint. So far from doing so, he made no complaint until after the giving of the mortgage. That was too late. DeArmand v. Phillips, Walk Ch., 186; Whiting v. Hill, 23 Mich. 399."

The difference between that case and this case is that there a mortgage was given to secure the payment of the balance of the purchase price, while here a promissory note was given for the balance admitted to be due the payee.

In Marianna Lime Products Co. v. McKay, 109 Fla. 275, 147 Sou. 264, Mr. Chief Justice Davis, speaking for the Court said:

"A plea of recoupment is purely defensive. It rests on the principle of allowing evidence in reduction of the plaintiff's damages to be introduced, where the plaintiff sues on a contract consisting of mutual stipulations made at the same time, the defendant being allowed to defend against the plaintiff's claim for damages by recouping his own damages that are alleged to have arisen by reason of plaintiff's breach of another part of the same contract, whether the contract consists of one or several parts. Payne v. Nich-

olson, 100 Fla. 1459, 131 Sou. Rep. 324; Jarrett Lumber
Co. v. Reese, 66 Fla. 137, 63 Sou. Rep. 581; Delco Light Co.
v. Hutchinson Properties, 99 Fla. 410, 128 Sou. Rep. 831.
A plea of recoupment implies that plaintiff has a cause of
action, but asserts that defendant, too, has a counter cause
of action growing out of a breach of some other part of the
same contract on which plaintiff's action is founded, or
from some other cause connected with that contract. See
57 C. J. 358.

"The first two amended pleas declared on an alleged
breach of an independent verbal warranty. While it is not
essential that a warranty in the sale of a chattel be in writ-
ing (55 C. J. 675) and the existence of a separate oral agree-
ment as to any matter on which a written contract is silent,
and which is not inconsistent with its terms, may be proved
by parol, if under the circumstances of the particular case
it may be properly inferred that the written paper was not
intended to be a complete and final statement of the whole
transaction between them, and it appears further that the
oral agreement is wholly collateral and relates to a subject
distinct from that to which the written contract applied
(Seitz v. Brewer's Refrigerating Mach. Co., 141 U. S. 510,
12 Sup. Ct. 46, 35 L. Ed. 837), we are unable to say in
this case that it does not appear in this case that the written
contract sued on was not intended to be a complete and
final statement of the whole transaction between the parties.
If an agreement in writing is such that it may be properly
inferred from it that the written statement (which in this
case was under seal and therefore of solemn character) was
intended by the parties to it to be a complete and final
statement of the whole transaction between the parties, the
effect of the writing is to render inadmissible an attempted
showing of an independent verbal warranty concerning the

724

subject matter of the written agreement, when the written agreement is regarded as completely covering the subject dealt with, and is silent on the subject of any such warranties. Bryan v. St. Andrews Bay Community Hotel Corp., 99 Fla. 132, 125 Sou. Rep. 142; Compare: Supervisors, Inc., v. Arcadia Citrus Growers Ass'n, 101 Fla. 804, 135 Sou. Rep. 296."

So, for the reasons stated, we must recede from our judgment heretofore entered in this cause on May 20, 1937, which we now do, and now affirm the judgment of the Circuit Court.

It is so ordered.

ELLIS, C. J., and BROWN, and CHAPMAN, J. J., concur.

WHITFIELD and TERRELL, J. J., dissent.