MARY J. PADGETT AND JOSEPH DUNKLIN, AS EXECUTORS OF THE LAST WILL AND TESTAMENT OF E. J. M. PADGETT, DECEASED, *Plaintiffs in Error*, v. L. R. LEWIS, *Defendant in Error*.

| 54 | 177 |
| f58 | 287 |

1.  Any pleading must be most strictly construed against the pleader thereof.

2.  One who gives a note in renewal of another note, with knowledge at the time of a partial failure of the consideration for the original note, or false representations by the payee, etc., waives such defense, and cannot set it up to defeat a recovery on the renewal note. And where one giving such renewal note either had knowledge of such facts and circumstances, or by the exercise of ordinary diligence could have discovered them and ascertained his rights it became his duty to make such inquiry and investigation before executing the renewal note, and if he fails so to do he is as much bound as if he had actual knowledge thereof.

3.  Assignments of error not argued will be treated by an appellate court as abandoned.

12—Vol. 54

This case was decided by Division A.

Writ of Error to the Circuit Court for Lake County.

The facts in the case are stated in the opinion of the court.

*J. B. Gaines,* for plaintiffs in error;

*Beggs & Palmer,* for defendant in error.

SHACKLEFORD, C. J.—This is an action of assumpsit instituted by the defendant in error upon a promissory note for $622.00 against F. S. Woodward and E. J. M. Padgett, alleged to have been executed by the said Woodward and Padgett to the Bank of Leesburg on the 10th day of December, 1894, of which the defendant in error was alleged to be the holder for value.

The defendants filed two amended pleas to the declaration, to which a demurrer was interposed, which was sustained as to the first plea and overruled as to the second. Subsequently the death of the defendant, F. S. Woodward, was suggested of record and the cause as to him was dismissed. On the 9th day of October, 1906, the court, in term time, entered a judgment by default against the remaining defendant, E. J. M. Padgett, reciting in the order that the defendant had failed and refused to plead over after the demurrer was sustained to the first plea and that the plaintiff had admitted the credit in the second plea.

The cause then came on for trial on the same day before a jury for the assessment of damages and a verdict was returned in favor of the plaintiff for the sum of $834.16, whereupon final judgment was entered by the court. Subsequently E. J. M. Padgett departed this life and his executors as plaintiffs in error have

sued out a writ of error, returnable to the present term, seeking to have said judgment reviewed. Three errors are assigned, the sustaining of the demurrer to the first plea, the entry of the default and the rendering of the final judgment. The first assignment is the only one that is necessary for us to consider.

The plea in question is as follows: "By leave of court first had and obtained the defendants F. S. Woodward and E. J. M. Padgett, by J. B. Gaines, their attorney, for amended first plea say that on, and for a long time before, the 24th day of May, A. D. 1893, one Ernest Yager and one Arthur Yager were engaged in the banking business in the town of Leesburg, Florida, as partners, sometimes under the firm name of Yager Brothers and at other times under the name and style of Bank of Leesburg, and at other times under the name of Ernest Yager; that on or about the 24th day of May, A. D. 1893, one Otis Greye was indebted to said Ernest Yager and Arthur Yager as partners as aforesaid, upon a certain promissory note made to them under the name of Ernest Yager, in the sum of $262.00 with 10 per cent. per annum interest thereon from the 14th day of June, A. D. 1892; that on said 24th day of May, A. D. 1893, the said Otis Greye was further indebted to said Earnest Yager and Arthur Yager as partners as aforesaid upon a certain other promissory note made to them under the name of Yager Brothers, in the sum of $110.00 with interest thereon at the rate of 10 per cent. per annum from the 26th day of April, A. D. 1892; that on said 24th day of May, A. D. 1893, the said Otis Greye was still further indebted to said Ernest Yager and Arthur Yager as partners as aforesaid under the name of Yager Brothers or Bank of Leesburg by means of overdraft in their said bank, in the sum, principal and interest, of $114.47, the aggregate amount then due and owing by said Otis Greye to said

Ernest Yager and Arthur Yager for principal and interest on said notes and overdrafts being the sum of $522.88; that before the said 24th day of May, A. D. 1893, the said Otis Greye has assigned and transferred to and deposited with Ernest Yager and Arthur Yager, as partners aforesaid, as collateral security for the payment of the aforesaid several sums of indebtedness, a certain promissory note, dated January 12th, A. D. 1892, made by one F. M. Loomis to said Otis Greye, and due six months after date, for the sum of six hundred dollars, with interest thereon at the rate of 10 per cent. per annum from date until paid; together with a certain indenture of mortgage, of even date with said last mentioned promissory note, and made to secure the payment thereof by said F. M. Loomis to said Otis Greye or his assigns, of and upon eighty acres more or less of land situate in the county of Hillsborough and state of Florida, and particularly described as follows, to-wit: The southeast quarter of the southwest quarter, and the southwest quarter of the southeast, of section twenty-eight (28), township thirty (30) south, range twenty-two (22) east that on said 24th day of May, A. D. 1893, the said Ernest Yager and Arthur Yager as partners as aforesaid agreed with and promised to the defendants to assign, transfer and deliver to the defendant F. S. Woodward the above mentioned two several promissory notes made by said Otis Greye as aforesaid, and to assign and transfer to said defendant the account and indebtedness due to the said Earnest Yager and Arthur Yager as partners as aforesaid by overdraft as aforesaid, and to assign, transfer and deliver to said defendant the note and mortgage made by said F. M. Loomis to said Otis Greye and held by them as collateral security for the payment of the said several sums of indebtedness of said Otis Greye to them as aforesaid; and that thereupon, upon said 24th day of

May, A. D. 1893, the defendants, the said F. S. Wood-
ward as principal and the said E. J. M. Padgett as
surety, upon the sole consideration of such assignment,
transfer and delivery of said notes and account or over-
draft owing by said Otis Greye, and of the note and
mortgage made by F. M. Loomis as aforesaid, made
and delivered to said Ernest Yager and Arthur Yager
as partners as aforesaid, either under the name of Yager
Brothers or under the name and style of the Bank of
Leesburg, their certain promissory note for the sum of
$540.28 due four months from date thereof to secure
to said Ernest Yager and Arthur Yager, as partners, the
price of said notes, account or overdraft and mortgage
so agreed to be assigned, transferred and delivered to
said defendant F. S. Woodward, to-wit, said sum of
$522.88 and $17.40 for four months interest thereon;
that except as to the sum of $52.50 of the principal
sum therein named, the note in the declaration men-
tioned is simply a renewal of the note made and de-
livered by the defendants to said Ernest Yager and
Arthur Yager as partners, for the sum of $540.28, on
the 24th day of May, A. D. 1893, as aforesaid, and
that there was no new, other or further consideration
for the same; that on the said 24th day of May, A. D.
1893, the said Ernest Yager and Arthur Yager assigned
and delivered to said defendant F. S. Woodward the
two promissory notes made by said Otis Greye, but
that the said Ernest Yager and Arthur Yager, nor either
of them, did not then or at any other time assign, trans-
fer or deliver to said defendant F. S. Woodward the
said account or overdraft nor the said note and mort-
gage or either of them so made by said Loomis and as-
signed to said Earnest Yager and Arthur Yager as
aforesaid nor has said note and mortgage, or either of
them, nor said account or overdraft ever been other-
wise or by anyone else assigned, transferred or de-

livered to said defendant F. S. Woodward, nor has said defendant ever received any benefit whatever from, under or by reason of said Loomis note or mortgage or otherwise from or on account of the money due thereon or from or on account of the said account or overdraft or the said notes made and owing by said Otis Greye; that said notes and overdraft against and owing by said Otis Greye as aforesaid were then, and at all times since have been and still are utterly without use or value to said defendants or either of them without the assign- ment, transfer and delivery of said Loomis note and mortgage as promised and agreed by said Ernest Yager and Arthur Yager as aforesaid; that the said Otis Greye neither then or at any time since owned any other prop- erty than the said Loomis note and mortgage so agreed and promised to be assigned, transferred and delivered to said defendant as aforesaid; but then was and has ever since remained otherwise utterly insolvent; that the land mortgaged was then of great value as phosphate land and otherwise, and of ample value to secure the payment in full of said note with interest thereon and costs of collection: And so the defendants say that, except as to the sum of $52.50 of the principal sum thereof, the consideration upon which the note in the declaration mentioned was made has wholly failed; that the plain- tiff did not acquire or become the holder of said note before the maturity thereof; that the plaintiff acquired said note long after the maturity thereof by indorse- ment from one J. H. Mote who then was the voluntary assignee in insolvency of said Ernest Yager and Arthur Yager; that said J. H. Mote as such voluntary assignee in insolvency became the holder of said note in the right, and for the use and benefit of said Ernest Yager and Arthur Yager, the original payees thereof under the style of Bank of Leesburg, and transferred the same to the plaintiff in the course of the liquidation of their afore-

said banking business by him as their voluntary as-
signee as aforesaid; that said note was so assigned to
the plaintiff in payment of a then pre-existing debt due
from said Ernest Yager and Arthur. Yager to the plain-
tiff."

The grounds of the demurrer interposed to this plea
are:

"First: That the first plea sets up no defense at·.
law to the declaration.

Second: Because the defendants are estopped
from setting up the matters and things in said plea hav-
ing renewed the note without objection.

Third: Because the plea does not set up that plain-
tiff is not the holder for value of note sued upon.

And for other causes upon the face of the record."

It may well be that the grounds of the demurrer
could have been more specifically stated, as is contended
by the plaintiffs in error. See Florida Cent. & P. R.
C. v. Ashmore, 43 Fla. 272, 32 South. Rep. 832, and
other authorities cited in the concurring opinion in
Atlantic Coast Line R. Co. v. Benedict Pineapple Co.,
52 Fla. 165, 42 South. Rep. 530, 534. Be that as it
may, the second ground of the demurrer is sufficiently
specific to merit our examination and adjudication. It
is plainly averred in the plea that the note in question,
except as to the sum of $52.50 of the principal, was
"simply a renewal of the note made and delivered by
the defendants to said Ernest Yager and Arthur Yager,
as partners, for the sum of $540.28, on the 24th day
of May, A. D. 1893." Now, the note in question was
not executed until the 10th day of December, 1894, about
six and a half months after the original note was exe-
cuted, of which the note in question is averred to be "sim-
ply a renewal." Would this not seem to be ample time
for the defendants to have discovered all the facts and
circumstances which are set out in the plea and to have

ascertained what their rights were in the premises? If they did not discover such facts and circumstances and ascertain their rights, they could have done so with ordinary diligence and it was their duty so to do. It must be assumed, then, that they either knew of these matters at the time of the renewal of the note, or that they could have readily ascertained them. It is well settled here that any pleading must be most strictly construed against the pleader thereof. See authorities collated in concurring opinion Atlantic Coast Line R. Co. v. Benedict Pineapple Co., *supra*.

"One who gives a note in renewal of another note, with knowledge at the time of a partial failure of the consideration for the original note, or false representations by the payee, etc., waives such defense, and cannot set it up to defeat a recovery on the renewal note." 7 Cyc. 881, note 1 and authorities therein cited, especially Montfort v. Americus Guano Co., 108 Ga., 12, 33 S. E. Rep. 636; Long v. Johnson, 15 Ind. App. 498, 44 N. E. Rep. 552; Smith v. Smith, 4 Idaho 1, 35 Pac. Rep. 697.

Ahearn v. Willis, 6 Fla. 359; Kellong v. Singer Manufacturing Co., 35 Fla. 99, text 106, 17 South. Rep. 68, 70, and authorities there cited; McCallum v. Driggs, 35 Fla. 277, text 284, 17 South. Rep. 407, 409, will prove instructive as to how failure of consideration should be pleaded in an action upon a promissory note.

We are of the opinion that the demurrer was properly sustained to the first amended plea. This assignment is the only one urged before us. It follows that the judgment must be affirmed and it is so ordered.

COCKRELL and WHITFIELD, JJ., concur;

TAYLOR, HOCKER, and PARKHILL, JJ., concur in the opinion.