J. W. HYER AND W. C. FRITTER, *Plaintiffs in Error* v. YORK MANUFACTURING COMPANY, A CORPORATION, *Defendant in Error.*

Where a contract was made for having ice machinery, &c. ready for shipment on or before the 1st of April, 1906, and said machinery was not shipped until the 31st of May, 1906, and said machinery was accepted by the purchasers without protest or objection, and part of the purchase money was paid and notes given for the balance, and afterwards another part of the purchase money was paid and renewal notes given which were the basis of this suit, the mere fact that the machinery was not shipped on or before April 1st, 1906, does not defeat a recovery by the plaintiffs against the purchasers of the ice machine on the renewal notes.

This case was decided by Division B.

Writ of Error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Blount & Blount & Carter,* for Plaintiffs in Error;

*Jones & Pasco* and *Pattillo Campbell,* for Defendant in Error.

HOCKER, J.—On the 2nd of March, 1908, the plaintiff, York Manufacturing Company, a corporation, filed the following declaration against the defendants Hyer and Fritter, in the Circuit Court of Escambia County: "York Manufacturing Company, a corporation, by Pattillo Campbell, its attorney, sues J. W. Hyer and W. C. Fritter for money payable by the defendants to the plaintiff for the said defendants, on the 20th day of May, 1907, by their promissory notes, now overdue, promised to pay to the plaintiff $600.00 three months after date and $600.00 six months after date, with interest from date of said notes at 6 % per annum until paid, with all cost of collection including 10 % attorney's fees, but did not pay the same. Wherefore the plaintiff sues and claims $2500.00 damages."

The first of said notes is as follows:

"$600.00            Pensacola, Fla., May 20th, 1907.

Three months after date we or either of us promise to pay to the order of York Manufacturing Co., York, Pa. Six Hundred & No--100......................Dollars, at Pensacola, Fla.,

Without defalcation, for value received. With interest from date at the rate of six per cent. per annum until paid, with all costs of collection including ten per cent attorney's fees. Waiving the right of all valuation, stay and exemption law.

(Signed)    J. W. Hyer.

(Signed)    W. C. Fritter.

By J. C. Hicks, Atty in Fact."

The second note is like the first except that it is payable six months after date.

To this declaration the defendants filed the following plea: "The defendants for plea to the plaintiff's declaration say: That it is true that they made and executed the notes mentioned in the said declaration, and that the said notes are now overdue, and that they have not been paid; but they say that the consideration for which these notes were given was certain ice machinery manufactured by the plaintiff and sold to the defendants under a certain contract, one of the terms of which was as follows: 'The party of the first part (plaintiff) will have the machinery, apparatus or plant ready for shipment on or before the first day of April, 1906, provided the purchasers shall have performed within the time limited herein all agreements by them to be kept and performed as part of the attached specifications.' That the defendants did well and truly perform within the time limited therein all the agreements by them to be kept and performed as part of the said attached specifications, but that the said plaintiff did not have the said machinery, apparatus or plant ready for shipment on or before the first day of April, 1906, but that the said machinery, apparatus or plant was not ready for shipment and was not shipped, until on or about the 31st day of May, 1906. That because of the failure on the part of the plaintiff to ship the said machinery, apparatus or plant on or before the first day of April, 1906, as provided by the contract entered into by and between the plaintiff and the defendants, the said defendants were damaged in a large sum, to-wit: Two Thousand ($2,000.00) Dollars, which sum the said plaintiffs are willing to set off against the claim of the said plaintiff."

The plaintiff filed the following replication to the plea:

"1.   That the defendants accepted without protest or objection the ice machinery mentioned in said plea and paid $600. on account of the purchase price thereof, and executed their notes for the balance; that six months

after the acceptance of the machinery as aforesaid they voluntarily paid a portion of their said notes and executed a new note for the balance, which said renewal is the note mentioned and sued on herein, and thereby waived the alleged delay in the delivery of the said machinery."

The defendants demurred to this replication on the following grounds: "1. That the facts set forth in the said replication, to-wit: That the defendants accepted, without protest or objection, the ice plant mentioned and paid $600.00 upon the purchase price thereof, and executed their note for the balance, and that six months thereafter voluntarily paid a portion of their said notes, and executed a new note for the balance, does not constitute a waiver of the defendants' right to a claim for damages for failure to ship the said ice machinery by the time mentioned in the contract of sale.

2. It sets forth no defense to the defendants' plea."

The Circuit Judge overruled this demurrer and allowed the defendants until the 16th of January, 1909, to plead further. On the 18th of January, 1909, the defendants refusing to plead further the judge entered a default against them for their failure and refusal to plead, and ordered a judgment against them in favor of the plaintiff. The original notes sued on were produced and filed in. evidence and a judgment entered in favor of the plaintiff for $1451.56. The case is here on writ of error from this judgment.

The only error assigned is that the Circuit Judge erred in overruling defendants' demurrer to plaintiff's replication. The demurrer of course reaches back to any substantial defect in the plea, and it is urged here that the plea is faulty. Without going into the merits of the plea we think the facts stated in the replication show that the defense set up in the plea is unavailing. The defendants below had every opportunity before the execution of the

renewal note sued on by the exercise of ordinary diligence to discover whether they had any claim for damages on account of the failure to ship the machinery according to contract. Such a defense was waived by the execution of the renewal note. This question is settled by this court in the case of Padgett v. Lewis, 54 Fla. 177, 45 South. Rep. 29.

The judgment of the court below is affirmed.

TAYLOR and PARKHILL, JJ., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, JJ., concur in the opinion.