FRANKLIN PHOSPHATE COMPANY, A CORPORATION, *Plaintiff in Error, v.* INTERNATIONAL HARVESTER COMPANY OF AMERICA, A CORPORATION, *Defendant in Error.*

1. While much must necessarily be left to the judicial discretion of the trial judge in permitting additional or new pleas to be filed by a defendant, after pleas already filed by him have been adjudged to be defective or insufficient, that discretion should be wisely exercised. There must be a limit to pleading.

2. A referee is substituted for the court or judge, and has all the powers thereof. He may be regarded as a judge *ad hoc* or *pro hac vice.* While a referee, out of delicacy or respect for the Circuit Judge, might well hesitate or refuse to disturb a prior ruling made by the Circuit Judge upon the pleadings, yet the referee has the same power to change such prior ruling of the Circuit Judge as the Circuit Judge himself would have possessed, had no order of reference been made.

3. Under section 1693 of the General Statutes of 1906, pleading over or amending pleadings after judgment on demurrer does not waive the right to have such judgment on demurrer reviewed by the appellate court.

4. One who gives a note in renewal of another note, with knowledge at the time of a partial failure of the consideration for the original note, or false representations by the payee, etc., waives such defense and cannot set it up to defeat a recovery on the renewal note. And where one giving such renewal note either had knowledge of such facts and circumstances, or by the exercise of ordinary diligence could have discovered them and ascertained his rights it became his duty to make such inquiry and investigation before executing the renewal note, and if he fails to do so he is as much bound as if he had actual knowledge thereof.

5. Section 1444 of the General Statutes of 1906 requires that "the substantial matters of law intended to be argued shall be stated," in a demurrer, and, when a demurrer is addressed to several pleas, "the substantial matters of law intended to

be argued," in support of such demurrer, should be stated as against all of such pleas, and it is irregular to file a demurrer without fully complying with this statutory requirement. If, however, upon a bare inspection of a plea, as to which no matters of law intended to be argued are stated in the demurrer, such plea is found to be so faulty and defective as to constitute no defense to the action, the court would be warranted in sustaining the demurrer to such plea, as well as to the other pleas to which the demurrer was addressed, which were found to be defective.

6. It is irregular and technically error to enter a default against a defendant, while one of the pleas filed stands undisposed of. If, however, upon a bare inspection of the plea, it is found to be so faulty, and defective as to constitute no defense to the action, an appellate court may hold such error harmless and refuse to reverse the judgment, especially when the transcript of the record does not show that the defendant called to the attention of the referee, or the trial judge, as the case may be, that such pleas stood undisposed of or offered to introduce any evidence in support thereof.

This case was decided by Division A.

Writ of error to the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the court.

*Hampton & Hampton*, for Plaintiff in Error;

*E. G. Baxter* and *F. Y. Smith, for Defendant in Error.*

Shackleford, J.—This is an action brought by the defendant in error against the plaintiff in error upon two promissory notes under seal. The declaration alleges that such notes were given as a part of the purchase price of a certain machine, sold by the plaintiff to the defend-

VOL. 62, JUNE TERM, 1911. 187

Franklin Phos. Co. v. Inter. Harvester Co.—Opinion of Court.

ant. It is further alleged in the declaration that such second note was "given as a renewal note of note number 2019, year 1908, of a series of notes given for a 20 H. P. Engine machine, which was heretofore delivered to the defendant, and in consideration of the renewal contract and extension of time hereby given, the defendant agreed that the plaintiff had made good all its representations, warranties and obligations in the sale of said machine and that it, the defendant, had no equity, right of counter-claim against this or either of said notes." The defendant was permitted to file four sets of pleas, to all of which demurrers were interposed. We would again call attention to what we said as to the object of pleadings and what should characterize them in Seaboard Air Line Ry. v. Rentz, 60 Fla. 429, 54 South. Rep. 13. We would like to emphasize this statement therein: "While much must necessarily be left to the judical discretion of the trial judge in permitting additional or new pleas to be filed by a defendant, after pleas already filed by him have been adjudged to be defective or insufficient, that discretion should be wisely exercised. There must be a limit to pleading. See Hooker v. Forrester, 53 Fla. 392, 43 South. Rep. 241, and prior decisions of this court therein cited upon this point."

Ten errors are assigned, all of which, except the last three, are based upon the orders sustaining the several demurrers to the different pleas, while the last three question the validity of the final judgment. We shall not consider the assignments in detail, but shall discuss such of the points presented as we think merit treatment.

Three pleas were originally filed, the first two of which attempted to set up failure of consideration and the third undertook to plead a set-off. The demurrer interposed

to all of such pleas was overruled as to the first two and sustained as to the third.   The defendant then filed what it termed first and second "additional" pleas, shortly after which, by argreement of counsel, an order was made wherein it was recited that such cause was "referred to W. S. Broome, Esquire, a practicing attorney-at-law at the bar at Gainesville, Fla., as a referee, with full power to hear, try, and determine said cause, in accordance with the statute and rules of practice in such cases made and provided."   By agreement of counsel, a slight amendment was made in the declaration and the pleas of the defendant filed prior to such amendment were treated as filed to the declaration as amended.   The plaintiff then interposed a demurrer to the "pleas and each of them," which was specifically sustained as to the first orignal and the first and second "additional" pleas, but nothing whatever is said in the order as to the second original plea.   As we have already pointed out, the Circuit Judge had overruled the demurrer as to the first and second original pleas, which left them standing at the time the order of reference was made.   It is strenuously contended by the defendant, who is the plaintiff in error here, that the ruling of the Circuit Judge upon the demurrer to the first and second original pleas "became *res judicata,* as between the parties, and could only be reviewed or reversed upon proper writ of error by the appellate court," and that "certainly the referee had no right or authority in law to have reviewed and reversed a preceding judgment or ruling by the Circuit Judge."   We have examined the authorities cited by the defendant and are of the opinion that they do not sustain its contention.   The second paragraph of Section 1660 of the General Statutes of 1906, which section relates to the powers and duties of a referee, is as follows:

"2. To Allow Amendments. He shall have the same power over the pleadings as to filing additional pleadings, or striking out or amending the pleadings, as the court making the reference may have."

We would also refer to the discussion as to the power of referees in Jacksonville, T. & K. W. Ry. Co. v. Lockwood, 33 Fla. 573, 15 South. Rep. 327. Also see 24 Amer. & Eng. Ency. of Law (2nd ed.) 229, and 17 Ency. of Pl. & Pr. 1016, and the authorities cited in the respective notes. In fine, a referee is substituted for the court or judge, and has all the powers thereof. Robertson v. Wilson, 59 Fla. 400, 51 South. Rep. 849. He may be regarded as a Judge *ad hoc* or *pro hac vice*. It can hardly be contended that a judge would not have the power to change any of the rulings upon the pleadings, prior to the trial of the cause. See Mitchell v. Chaires, 2 Fla. 18, text 21, and 6 Ency. of Pl. & Pr. 360. If the Circuit Judge could have changed his ruling on the demurrer, it would seem to follow, under our statute, with such an order of reference as was made in the instant case, construed in the light of the authorities, that the referee could likewise change the ruling made by the Circuit Judge upon the demurrer. That a referee, out of delicacy or respect for the Circuit Judge, might well hesitate or refuse to disturb a prior ruling made by the Circuit Judge upon the pleadings is beside the question. We are simply to determine the power of the referee. In passing, we would call attention to the distinction between an order and a judgment. Sec. 23 Cyc. 667. We would also remark that the contention of the plaintiff that the defendant, by pleading over after its pleas had been held bad on demurrer, waived the right to have such ruling reviewed by the appellate court is untenable. See Section 1693 of

the General Statutes of 1906, and Jones, Varnum & Co. v. Townsend, 21 Fla. 431, 58 Amer. Rep. 676.

Having found that the referee had the power to rule upon the demurrer interposed to the different pleas, we must now determine the correctness of such ruling. We have already copied that portion of the declaration to the effect that the second note upon which the action was based was a renewal note, which contained certain express stipulations, which it is unnecessary for us to repeat here. It is further alleged in the declaration that each of the two notes upon which the action was based was given in payment for a certain machine. We are not informed by the declaration as to the date of the series of notes, further than the year 1908, for which the second note was executed on the 21st day of April, 1909, as a renewal note. It is sufficient to say that the successive pleas of the defendant to which the several demurrer were sustained formed an unsuccessful attempt upon the part of the defendant, as we read the pleas, to escape the force of the decision of this court in Padgett v. Lewis, 54 Fla. 177, 45 South. Rep. 29, wherein we held:

"One who gives a note in renewal of another note, with knowledge at the time of a partial failure of the consideration for the original note, or false representations by the payee, etc., waives such defense, and cannot set it up to defeat a recovery on the renewal note. And where one giving such renewal note either had knowledge of such facts and circumstances, or by the exercise of ordinary diligence could have discovered them and ascertained his rights it became his duty to make such inquiry and investigation before executing the renewal note, and if he fails so to do he is as much bound as if he had actual knowledge thereof."

This holding was followed and approved in Hyer v.

York Mfg. Co., 58 Fla. 283, 50 South. Rep. 485.     We
think that these two cases sustain the referee's rulings
upon the demurrers to the pleas, and that further discussion thereof is not called for.   Sheffield v. International
Harvester Co., 3 Ga. App. 374, 59 S. E. Rep. 1113, is also
well in point.

As we have previously stated, although the first demurrer interposed to the pleas upon which the referee was
called to pass purported to be addressed to all of the
pleas, yet the referee made no ruling thereon as to the
second original plea, which was, perhaps, due to the fact
that no "substantial matters of law intended to be argued" were stated in the demurrer as to such plea, as is
required by Section 1444 of the General Statutes of 1906.
See Heathcote v. Fairbanks, Morse & Co., 60 Fla. 97, 53
South. Rep. 950.   Be that as it may, at the hearing upon
the last demurrer to the pleas, the referee made the following order:

"This cause coming on to be heard upon demurrer of
plaintiff to the amended pleas of defendant filed in said
cause on the rule day in February, 1911, and due notice
of time and place of said hearing having been given, and
the said demurrer having been argued by counsel for re
spective parties, and the premises considered, it is ordered
and adjudged by the court that the said demurrer, be
and the same is hereby sustained as to each and every
ground thereof, except the first ground to Fourth amended plea.   And the defendant not asking leave or moving
the court further time in which to amend said pleas or
file other pleas as it may be advised, but advising the
court that it would not file any other or further pleadings, and thereupon the plaintiff moved the court for
judgment against the defendant upon said demurrer and

192 · SUPREME COURT OF FLORIDA.

Franklin Phos. Co. v. Inter. Harvester Co.—Opinion of Court.

the failure and refusal of the defendant to plead further, thereupon a default of said defendant is taken and the same is hereby entered in compliance therewith upon said demurrer; Wherefore the plaintiff ought to have and recover of and from the defendant its damages sustained herein by reason of the premises. Thereupon reference for further proceedings in said cause will be had by me as Referee for the purpose of assessing the plaintiff's damages herein.

Done and ordered at Gainesville, Florida, this 25th day of March, A. D. 1911.

W. S. Broome, Referee."

Three of the assignments are based upon this order. It is contended that it was error to enter a default against the defendant while its second plea stood undisposed of. Technically this was undoubtedly error. See Livingston v. L'Engle, 22 Fla. 427; Asia v. Hiser, 22 Fla. 378; Livingston v. Anderson, 30 Fla. 117, 11 South. Rep. 270; Muller v. Ocala Foundary & Machine Works, 49 Fla. 189, 38 South. Rep. 64. While this is true, if it is clearly made to appear that the defendant was not injured thereby, we must hold the error to be harmless and, therefore, furnishes no sufficient ground for a reversal of the judgment. See Livingston v. L'Engle, 27 Fla. 502, 8 South. Rep. 728; Southern Home Insurance Co. v. Putnal, 57 Fla. 199, 49 South. Rep. 922; Pensacola Electric Co. v. Bissett, 59 Fla. 360, 52 South. Rep. 367. An inspection of such second original plea shows that it is open to the same grounds of objection which were sustained by the referee to subsequent pleas which more fully set up the defense attempted to be set up in such second original plea. This being true, the referee, under the principle enunciated in Heathcote v. Fairbanks, Morse & Co., 60

Franklin Phos. Co. v. Inter. Harvester Co.—Opinion of Court.

Fla. 97, 53 South. Rep. 950, might well have found the plea so faulty and defective as to constitute no defense, and have sustained the demurrer, which purported to be addressed to it, as well as to the other pleas. We must hold that the ruling, though erroneous, does not constitute reversible error.

This brings us to the consideration of the last assignment, which is that the referee erred in entering final judgment. The only argument made in its brief by the defendant in support of this assignment is that "Of course, if default judgment was improperly entered and if the defendant was entitled to submit testimony in support of its plea, then the entering of the final judgment was error and should be set aside, and a new trial awarded to the defendant." We have already disposed of the assignments predicated upon the entry of the default adversely to the contention of the defendant, so that there would seem to be no occasion to discuss this last assignment. We would add that the transcript does not show that the defendant called the attention of the referee to the fact that the second original plea stood undisposed of or offered to introduce any evidence in support thereof. This being true, the defendant might well be deemed to have waived such plea. See Judge v. Moore, 9 Fla. 269.

No reversible error having been made to appear to us, the judgment must be affirmed.

WHITFIELD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.