JOHN H. TREADWELL v. EXCHANGE NATIONAL BANK OF TAMPA.

172 So. 914.
Opinion Filed February 4, 1937.
Rehearing Denied March 22, 1937.

*John B. Singeltary,* and *R. E. Brown,* for Appellant; *Knight, Thompson & Turner,* for Appellee.

TERRELL, J.—T. B. King was indebted to Exchange National Bank of Tampa, in the sum of $8000.00 and evidenced the loan with his note endorsed by John H. Treadwell. Treadwell owned an equity in a note of $17,500.00 executed by Bula E. Croker which he placed in the hands of J. W. McWilliams for collection with instructions to pay himself $2500 and to pay the Exchange National Bank of Tampa $3600, the amount due on the King note, King having reduced his note by payments to this amount.

McWilliams did not collect the Croker note. While it was in his possession it was held by the Exchange National Bank which returned it to Treadwell at McWilliam's request. Treadwell then collected it and refused to pay the proceeds or any part of them to the Exchange National Bank in settlement of the King note.

Based on these facts and the conditions attached to them, Exchange National Bank seeks to impress an equitable lien on the proceeds of the Croker note in the hands of Tread-

well for the payment of the King note and filed the bill of complaint in this cause for that purpose. The bill alleges that Treadwell agreed with the bank to set aside and pledge the proceeds of the Croker note in the hands of McWilliams to secure the claim of the bank against King and that such was the consideration moving the bank not to enforce payment of the King note until the Croker note in the hands of McWilliams was paid.

The bill further alleges that the bank kept faith with Treadwell and did not attempt to enforce payment of the King note prior to collection of the Croker note although the King note was long past due. It is also alleged that Treadwell took the Croker note from the bank for the purpose of collection with the express understanding that the proceeds were to be returned to McWilliams who was in turn to make payment to the bank but that he (Treadwell) paid McWilliams the amount due him and refused to remit anything to the bank on the King note and does not intend to pay anything on it. The bill prays that sufficient funds in the hands of Treadwell be sequestered and used to pay the principal and interest due the bank upon the King note which he (Treadwell) endorsed as an accommodation to King.

Treadwell moved to dismiss the bill for want of equity because the bank had an adequate remedy at law and because it was not entitled to the relief prayed for.

The motion to dismiss was overruled and Treadwell interposed an answer denying that there was any basis for an equitable lien on the proceeds of the Croker note in favor of the bank. As a further defense he set up misrepresentations on the part of King to secure his accommodation endorsement on the note which he alleged was a renewal of one he had previously endorsed as an accommodation by

reason of which and the additional reason of want of consideration, his contract as accommodation endorser is null and void.

The answer set up a counterclaim and prayed for affirmative relief by return of the moneys paid on the previous note, of which the note involved in this case was a renewal. A motion to strike the answer and to dismiss the counterclaim was granted. An amended answer which was the same as the original one omitting the counterclaim was tendered, portions of it were stricken, and this appeal is from that decree.

On appeal appellant contends that the bill of complaint fails to show the existence of an equitable lien on the Croker note or the proceeds of it in favor of the Exchange National Bank and that the contract of endorsement is without effect because of want of consideration.

In answer to the latter contention it is sufficient to say that the answer shows on its face that Treadwell's endorsement on the King note was an accommodation endorsement and under the law such endorsements do not have to be supported consideration. Section 4703, Revised General Statutes of 1920, Section 6789, Compiled General Laws of 1927.

To establish an equitable lien the bill of complaint alleged a debt, a subsequent agreement by Treadwell to pledge the Croker note to pay it, an agreement by the bank not to enforce its claim against Treadwell until the Croker note was collected, an agreement by Treadwell to collect the Croker note, remit the proceeds to McWilliams who in turn would remit to the bank in settlement of his contract on the King note, and Treadwell's collection of the Croker note, his refusal to pay the King note, and his intention to

use the proceeds of the Croker note for other purposes than to pay the bank his obligation on the King note.

Such allegations if proven were ample to constitute an equitable lien on the Croker note as defined by this Court in Jones v. Carpenter, 90 Fla. 407, 106 Sou. 127. The charges of fraud and misrepresentation in securing Treadwell's endorsement were all lodged against King and can avail nothing against the bank, it not having been charged with knowledge of or as having any part in them.

Appellant also seeks to avoid his contract on the King note on the ground that the failure of McWilliams to collect the Croker note and his return of it to Treadwell closed his transaction, likewise his agreement with the bank to be bound on the King note. It is true that many months elapsed from the time the contract was made to the collection of the Croker note but after all this raises a question of fact that must be resolved by proof.

The rule is also settled in this state that one who gives a renewal note with knowledge of a partial failure of consideration for the original note or false representations by the payee, waives such defenses and cannot set them up to defeat payment of the renewal note. This rule applies with equal force if such facts could have been ascertained by ordinary diligence. Franklin Phosphate Co. v. International Harvester Co. of America, 62 Fla. 185, 57 So. 206.

The judgment below is accordingly affirmed.

Affirmed.

ELLIS, C. J., and WHITFIELD, BROWN, BUFORD, and DAVIS, J. J., concur.