177 So.2d 878 (1965)
INDUSTRIAL CREDIT COMPANY, Appellant,
v.
MIKE BRADFORD & CO., Inc., and Michael F. Bradford, Appellees.
No. 65-48.
District Court of Appeal of Florida. Third District.
July 27, 1965.
Rehearing Denied September 9, 1965.
Fleming, O'Bryan & Fleming and Norman C. Roettger, Ft. Lauderdale, for appellant.
Miller & Russell, Robert L. Achor, Miami, for appellees.
Before HENDRY, C.J., and CARROLL and SWANN, JJ.
SWANN, Judge.
This is an appeal by Industrial Credit Company from a summary final judgment entered by the trial court for Mike Bradford & Co., Inc. and Michael F. Bradford, individually.
On April 12, 1962, Mike Bradford & Co., Inc. executed a conditional sales contract with AAA Construction Equipment Co., Inc. for the purchase of certain construction equipment. Michael F. Bradford guaranteed the contract. On the same date, the conditional sales contract and installment note attached thereto were assigned by AAA to the appellant, a finance company. Payments were made under these instruments for approximately ten months.
The appellant and Bradford began negotiations for an extension agreement. Prior to the execution of the extension agreement it was known by all parties that only about one-half of the equipment in question had been delivered to Bradford because of some problems concerning title. The extension agreement executed on February 19, 1963, reducing the monthly payments, was personally guaranteed by Michael F. Bradford.
The balance of the equipment was never delivered, although demand was made, and upon failure of the parties to comply with the contract, appellant filed an action at law against the defendants for damages resulting from breach of the contract and for attorney's fees. A judgment by default was entered against AAA and its president and appellees' motion for summary judgment, based upon the complaint, answer and depositions was granted. The appellant has appealed the entry of the summary final judgment.
Appellant's position on appeal is that the extension agreement herein is the same as *879 a renewal note and is therefore governed by Hurner v. Mutual Bankers Corporation, 1939, 140 Fla. 435, 191 So. 831, wherein the court stated:
* * * * * *
"The important question here presented is: May the maker of a renewal note interpose the defense of fraud against the payee of the note where there were fraudulent misrepresentations in procuring the original note, the same fraud being reiterated at the time of the giving of the renewal note; where the maker has had ample time to discover such fraud, by the exercise of ordinary diligence, prior to the giving of the renewal note."
* * * * * *
This question was answered generally by a holding that the maker of a note waives the defense of fraud or false misrepresentations where he gives a renewal note with knowledge of the fraud or when by the exercise of ordinary diligence he could have discovered the fraud.
Appellee believes that the question to be decided is whether the appellant was so insulated in interest from AAA Construction Equipment Co., Inc. as to be a bona fide assignee for value immune from the defense of failure of consideration.
Appellee contends that this case is governed by Mutual Finance Co. v. Martin, Fla. 1953, 63 So.2d 649, 44 A.L.R.2d 1, where an action was brought by a finance company on a conditional sales note. There, an appliance dealer, Highsmith, sold a deep freeze and a meat saw to a man named Martin. On the same day, the parties entered into a conditional sales agreement and Martin executed a promissory note attached to the said conditional sales agreement, said not being the principal sum of $1,405.68, the amount due on the equipment.
On the following day, the conditional sales agreement and promissory note were assigned and endorsed by Highsmith to Mutual Finance Company for the sum of $1,255.00. Subsequently, the purchaser refused to make full payment, stating that the freezers were not as represented. The finance company then brought suit and Martin answered, alleging, generally, failure of consideration and that the finance company was not a holder in due course. The Supreme Court of the State of Florida stated:
* * * * * *
"* * * `Martin never obtained the deep freezer he bargained for, and, as against the finance company there is no more obligation upon him to pay the note than there is to pay the installments specified in the conditional bill of sale.'
"We therefore hold that under the facts shown in this record the finance company had such notice of the note's infirmity as is contemplated under Section 674.54(4), F.S.A., and that the defenses interposed by Martin were proper and lawful defenses to the action." (Emphasis supplied.)
* * * * * *
In coming to a decision in Martin, supra, the court cited two cases from other states, one being Commercial Credit Company v. Childs, 199 Ark. 1073, 137 S.W.2d 260, 128 A.L.R. 726. The facts in that case indicated that a note and contract were attached and constituted one instrument covering an agreement for the sale and purchase of a certain automobile, and the note, contract and assignment were executed and signed the same day. The instrument was prepared and delivered to Arkansas Motors, Inc. by appellant, who financed the deal to be used by it in the sale and purchase of cars. The Arkansas court stated:
* * * * * *
"`We think appellant was so closely connected with the entire transaction or with the deal that it can not be heard to say that it, in good faith, was an innocent purchaser of the instrument for value before maturity. * * * Rather than being a purchaser of the instrument after its execution it was to all *880 intents and purposes a party to the agreement and instrument from the beginning. * * *'" (Emphasis supplied.)
The court also cited a California case, Commercial Credit Corp. v. Orange County Machine Works, 34 Cal.2d 766, 214 P.2d 819, 822, where the Supreme Court of California said:
* * * * * *
"`When a finance company actively participates in a transaction of this type from its inception, counseling and aiding the future vendor-payee, it cannot be regarded as a holder in due course of the note given in the transaction and the defense of failure of consideration may properly be maintained. * * *"
* * * * * *
The latter case held that Machine Works never obtained the press for which it bargained and as against Commercial, there was no more obligation upon it to pay the note than there was to pay the installments specified in the contract.
In the case, sub judice, there are no claims or proof of fraud as in Hurner, supra, but only a question of failure of consideration (non-delivery of the equipment). We do not find Hurner applicable therefore to the instant case.
The record indicates the note and conditional sales agreement were executed and assigned on April 12, 1962; appellant had investigated and approved the credit of appellees; appellant had furnished the agreement and note executed and had approved their terms; the instruments were signed in the office of appellant and witnessed by one of its employees; and that appellees had received and paid for approximately one-half of the equipment listed in the agreement, but had never received the remainder of the equipment for which appellant sought judgment.
Here, as in Martin, supra, the appellees never obtained the equipment bargained for and under the facts shown, the appellant was not a holder in due course. The defense of failure of consideration was therefore applicable and properly applied by the trial court in granting the motion for summary judgment.
Affirmed.