HENDRY, Chief Judge.
This is an appeal by the plaintiff,, the National State Bank of Newark, from a final judgment entered pursuant to a jury verdict in favor of the defendant, Robert Richter Hotel, Inc.
The action herein was filed in the civil court of record to recover the sum of $1,975.46 alleged due upon a conditional sales contract for the purchase of 15 television sets. A companion case was filed in the circuit court to recover $8,310.76 on an identical contract involving 51 television sets. The circuit court case resulted in a directed verdict for defendant which was reversed by this court in an opinion filed May 17, 1966, The National State Bank of Newark v. Robert Richter Hotel, Inc., Fla.App.1966, 186 So.2d 321, and remanded for a new trial.
The facts are set forth in our decision in the companion case, above. The facts are similar, with the exception that the bank did not actually notify the hotel of the assignment of the contract involved herein from the seller, Frank Rogers, Inc. to the bank as was the situation in the companion case.
In reversing the directed verdict from the circuit court we said:
“It is true that the evidence would sustain a close association between the Bank, the manufacturer of the sets and the dealer,[1] but the control of the Bank over the dealer, if such existed, is not clear. Control is the key factor, it can not be said as a matter of law that the Bank exercised such control over the dealer as to make the dealer in this case the agent of the Bank.”
The question of control exercised by a financing institution over a dealer which would tend to show that the two can not be considered separate and distinct parties in certain transactions is discussed in various decisions.[2]
While the facts in this case do not present a clear picture of control by the bank over the dealer and while we may not agree with the conclusion of the jury, we have found sufficient evidence to support the verdict and, therefore, are bound to affirm.
The bank has presented nineteen points on appeal, none of which we find to have merit.
Accordingly, the judgment appealed is affirmed.
Affirmed.

. See footnote 1, The National State Bank of Newark v. Robert Richter Hotel, Inc., Fla.App.1966, 186 So.2d 321.

. Mutual Finance Co. v. Martin, Fla.1959, 63 So.2d 649, 44 A.L.R.2d 1; Industrial Credit Company v. Mike Bradford & Co., Fla.App.1965, 177 So.2d 878; Buffalo Industrial Bank v. DeMarzio, 162 Misc. 742, 296 N.Y.S. 783 (1937); See 53 Harvard Law Review 1200.