372 So.2d 543 (1979)
Robert R. FRANK, Appellant,
v.
INTERCONTINENTAL BANK OF MIAMI BEACH, etc., Appellee.
No. 78-1906.
District Court of Appeal of Florida, Third District.
July 3, 1979.
Carey, Dwyer, Cole, Selwood & Bernard and Steven R. Berger, Miami, for appellant.
Salley, Barns & Pajon and Maxwell Grabove, Miami, for appellee.
Before HAVERFIELD, C.J., and BARKDULL and KEHOE, JJ.
PER CURIAM.
The appellant (an attorney) executed a note to the appellee-bank in exchange for a note previously given to the bank by a client of his. He also directed who would be named in an assignment of final judgment, which the bank had previously recovered on the client's note. He subsequently renewed the obligation to the bank by the execution of an additional note which was labeled "renewal note". This renewal not being paid when it became due, the bank brought suit for collection. After the cause was at issue, the parties stipulated that the only issue to be tried was consideration to the appellant, Frank, at the time of the execution of his original note.
At the time of trial, appellant attempted to raise a defense not pled, relating to his being an accommodation endorser or maker for the benefit of the bank. This defense was objected to. After hearing, the trial court found consideration and rendered judgment accordingly. This appeal ensued, the appellant contending, first, there was no consideration for his original note and, second, that he executed same merely as an accommodation to the bank and not to accommodate his client. We *544 find no merit in either contention. See: Section 673.3-408, Florida Statutes (1973), 19B F.S.A. 206 and comment thereon; Fla. R.Civ.P. 1.190(b). Further, the note being sued on being a "renewal note", neither defense was available to the defendant, Frank, in the trial court. See: Padgett v. Lewis, 54 Fla. 177, 45 So. 29 (1907); Hurner v. Mutual Bankers Corporation, 140 Fla. 435, 191 So. 831 (1939); Watson v. Central Florida Properties, Inc., 172 So.2d 608 (Fla.2d DCA 1965).
Therefore, the final judgment under review is affirmed.
Affirmed.