SHIVERS, Judge.
This appeal is from a summary final judgment in favor of appellee on the issues raised in the appellants’ complaint. The issues raised by appellee’s counterclaim are not involved on this appeal.
Appellants filed suit against appellee seeking the cancellation or rescission of a purchase and sale agreement dated July 1, 1974, together with all security instruments thereto and all subsequent agreements of the parties. The prayer for cancellation or rescission was based on fraudulent inducement.
The trial court properly assumed in considering the motion for summary judgment that the appellee fraudulently induced appellants to enter into the July 1,1974 agreement. The appellants discovered the original fraud in July, 1974, but made no effort to rescind the contract with appellee. Instead, in early October, 1974, when appellants were in default under the original agreement, the appellants negotiated with appellee for an extension of time on their obligations and reached a workout agree *458 ment with the appellee. During this time, appellants were represented by counsel. Further mutually acceptable modifications were made to the parties’ agreements after October, 1974.
The trial court found that the appellants had waived any right for rescission and cancellation by entering into the modification agreements and were estopped from thereafter claiming a right to rescind and cancel the agreements. The trial court concluded that there was no basis in fact or law to support the appellants’ contention that they were forced or coerced to agree to the modification agreements.
We affirm. The holdings of the trial court in ordering summary judgment are supported by the record. An action to cancel or rescind an agreement based on fraudulent inducement cannot be maintained where the agreement has been modified by the parties after the original fraud has been discovered. See Hurner v. Mutual Bankers Corp., 140 Fla. 435, 191 So. 831 (1939) and Benn v. Key West Propane Gas Corp., 72 So.2d 910 (Fla.1954). The record does not support appellants’ contention that the modifications were entered into by them under duress. Appellee’s motion for attorney’s fees is denied.
MILLS, C. J., and MeCORD and SHIVERS, JJ., concur.