448 So.2d 60 (1984)
A Moneim RAMADAN, M.D., Individually and D/B/a Parkwood Professional Office Complex, a/K/a Parkwood Professional Plaza, Appellant,
v.
EQUICO LESSORS, INC., Assignee of Hastings Capital Corporation, Appellee.
No. AT-155.
District Court of Appeal of Florida, First District.
April 6, 1984.
William B. Watson, III, of Watson, Folds, Steadham, Sproull, Christmann & Brashear, Gainesville, for appellant.
Fredrick I. Gottlieb of Baskin & Sears, Palm Beach, for appellee.
*61 PER CURIAM.
Lessee Ramadan appeals the trial judge's entry of final summary judgment in favor of assignee Equico Lessors, Inc. (Equico). We conclude that the evidence raises material issues of fact which preclude entry of summary judgment.
Assignee Equico sued lessee Ramadan, claiming that lessee defaulted in making payments due on the Kilo-Watt-Cher 400 equipment leased by Hastings Capital Corporation (Hastings). Ramadan defended on the grounds that execution of the lease was induced as a result of fraud and misrepresentation by an agent of Equico and that the sole consideration for execution of the lease failed. Ramadan also counterclaimed for breach of warranty. Equico's reply to Ramadan's defenses and answer to counterclaim was predicated upon Paragraph 17 of the lease, which provides as follows:
17. It is understood that Lessor contemplates assigning this Agreement, and that said assignee may assign the same. All rights of Lessor in the equipment and hereunder may be assigned, pledged, mortgaged, transferred, or otherwise disposed of, either in whole or in part, without notice to Lessee. The assignee's rights shall be free from all defenses, set-offs or counterclaims which Lessee may be entitled to assert against Lessor. No such assignee shall be obligated to perform any duty, covenant or condition required to be performed by Lessor under the terms of this Agreement.
The actual assignment of the lease was dated ten days after the lease between Ramadan and Hastings was executed. The basis for Equico's summary judgment motion was that, because it had no dealings, contact, nor communication with lessee until ten days after execution of the lease, it could not have committed fraud or misrepresentation, thus rendering Ramadan's defenses invalid.
Ramadan deposed that Equico's name, as assignee, was on the preprinted form at the time of execution of the lease agreement; that he understood Energy Savings, a subsidiary of Hastings with whose salesman Ramadan dealt, Hastings, and Equico were one and the same; and that financing was arranged through the lessor.
Section 679.206(1), Florida Statutes, provides, in pertinent part, that:
(1) Subject to any statute or decision which establishes a different rule for buyers or lessees of consumer goods, an agreement by a buyer or lessee that he will not assert against an assignee any claim or defense which he may have against the seller or lessor is enforceable by an assignee who takes his assignment for value, in good faith and without notice of a claim or defense, except as to defenses of a type which may be asserted against a holder in due course of a negotiable instrument under the chapter on commercial paper... .
Pursuant to the foregoing statute, agreements precluding assertion of certain defenses against an assignee are enforceable if the assignee is a holder in due course. However, appellant relies on the close connection theory, an exception to the holder in due course doctrine, see First New England Financial Corporation v. Wofford, 421 So.2d 590 (Fla. 5th DCA 1982), adopted in Florida in Mutual Finance Company v. Martin, 63 So.2d 649 (Fla. 1953). That theory provides that, if the financing company is closely connected with the transaction, it cannot be heard to say that it, in good faith, was an innocent purchaser of the instrument for value before maturity against whom the defense of failure of consideration may not properly be maintained. Mutual Finance Company v. Martin, supra; see also Industrial Credit Company v. Bradford and Company, 177 So.2d 878 (Fla. 3d DCA 1965), cert. denied, 183 So.2d 835 (Fla. 1966); Rehurek v. Chrysler Credit Corporation, 262 So.2d 452 (Fla. 2d DCA 1972), cert. denied, 267 So.2d 833 (Fla. 1972). Thus, a provision precluding a purchaser from asserting certain defenses against the financing company will not be enforced when it appears that (Rehurek v. Chrysler Credit Corporation, supra, at 453):

*62 "... [T]he financer maintains a close relationship with the dealer whose paper he buys; where the financer is closely connected with the dealer's business operations or with the particular credit transaction; or where the financer furnishes the form of sale contract and note for use by the dealer, the buyer signs the contract and note concurrently, and the dealer endorses the note and assigns the contract immediately thereafter or within the period prescribed by the financer." Unico v. Owen, 1967, 50 N.J. 101, 232 A.2d 405 at 411.
We conclude that Equico's name on the preprinted form, in conjunction with Ramadan's deposition testimony, raises the issue of a close connection between Equico and Hastings sufficient to preclude summary judgment. Accordingly, the final summary judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.
ERVIN, C.J., and BOOTH and ZEHMER, JJ., concur.